COMMONWEALTH vs. ARA ERESIAN, JR.

Worcester. January 3, 1983. — May 12, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH JJ.

*Contempt. Practice, Criminal,* Contempt proceeding, Trial by jury.

Initiation of criminal contempt proceedings on motion of a party in a civil action rather than by complaint or indictment as required by Mass. R. Crim. P. 44(a), did not require reversal of the defendant's contempt conviction, where the defendant had failed to object at trial to proceeding by motion and where the motion together with the judge's explanation of the charges to the defendant and a continuance of the proceedings for several weeks gave the defendant notice of the charges against him and provided him with a reasonable opportunity to defend against them. [167-169]

Where a defendant was convicted in a nonsummary criminal contempt proceeding in the Superior Court without being afforded his right to a trial by jury as provided for by Mass. R. Crim. P. 44(a), or the opportunity to waive this right, this court remanded the case to the Superior Court for a new trial. [169-170]

ADJUDICATION of contempt in the Superior Court Department by *O'Connor,* J., on February 20, 1981.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Angelo P. Catanzaro* for the defendant.

*William F. Scannell, Jr.,* Assistant City Solicitor, for Commissioner of Code Inspection of Worcester.

LYNCH, J. The defendant, Ara Eresian, Jr., was convicted of criminal contempt in the Superior Court in Worcester County and fined $500. He appeals from this conviction and from the judge's denial of his motion for a new trial. The case was transferred to this court on our own motion. On appeal the defendant argues that his conviction

was obtained in violation of the procedure set forth in Mass. R. Crim. P. 44(a), 378 Mass. 920 (1979), for conducting non-summary criminal contempt proceedings. Our review of the record reveals that the defendant was not afforded his right to a jury trial as provided for by rule 44(a), and, accordingly, we reverse the defendant's conviction.

We summarize the evidence presented below. On September 18, 1979, the commissioner of housing inspection of the city of Worcester filed a complaint alleging that the defendant and another were owners of real estate at 88 Armory Street in Worcester and that those premises were unfit for human habitation. The commissioner further alleged that, pursuant to statute, he had issued a written order that certain violations of the State Sanitary Code be corrected but that despite appropriate notice to the owners no corrections were made. A summons and a copy of the complaint were served on Eresian. Although Eresian had full notice of the proceedings, he did not file an appearance or an answer in the action.

The commissioner moved for a default judgment against Eresian and the other owner and this motion was allowed on February 5, 1980. Judgment entered ordering the owners to take certain specified corrective measures and permanently enjoined them from occupying or leasing the premises. The defendant Eresian was served by mail with notice of the allowance of the commissioner's motion for judgment and with a copy of the judgment. The defendant received this notice of the judgment. On October 1, 1980, the commissioner filed a motion for civil contempt. The defendant was served with copies of the commissioner's motion and an order to appear at the Superior Court in Worcester County on November 3, 1980, to show cause why he should not be adjudged in contempt. The defendant failed to appear in court on the appointed day. On November 4, 1980, in-hand service was made on Eresian of the commissioner's motion for contempt and of an order to appear in court on December 2, 1980. When the defendant failed to appear in court on December 2, a capias was issued for his arrest.

The defendant was arrested on January 20, 1981, and brought before the Superior Court. The court ordered that a hearing on the motion for contempt be held on February 13, 1981. The court informed the defendant that the plaintiff's motion for contempt would be treated as a criminal contempt matter. The defendant was fully informed as to the charges against him. An evidentiary hearing was held on February 13. Despite being warned by the judge as to the seriousness of the charge, the defendant chose to waive his right to counsel. The proceeding was tried by the judge without a jury. On February 20, the judge issued written findings adjudging the defendant in criminal contempt. The judge found that Eresian and Lester A. Cote bought the property as trustees for the Wall Realty Trust on April 27, 1979. They continued to own the property until July 24, 1980, at which time they sold it to Robert Morus. At no time did Eresian attempt to perform, or perform, the repairs or other corrective measures that on February 5, 1980, the court had ordered him to effect. The judge further found that the defendant clearly knew of the court's order to repair the property, that until Eresian and Cote sold the property he had the legal right and the means to accomplish the order, but that he simply defied the court's order. The judge fined the defendant $500. On March 27, 1981, the defendant filed a motion for a new trial which the court denied.

1. Rule 44(a) of the Massachusetts Rules of Criminal Procedure states in part that all criminal contempts not adjudicated pursuant to the summary contempt procedures specified in Mass. R. Crim. P. 43, 378 Mass. 919 (1979), "shall be prosecuted by means of complaint, unless the prosecutor elects to proceed by indictment." This contempt proceeding, which arose out of events which occurred shortly after July 1, 1979, the effective date of Mass. R. Crim. P. 44, was prosecuted by means of motion for contempt made by the commissioner. The defendant contends that because this contempt proceeding was initiated and prosecuted pursuant to a motion rather than by complaint or indictment as stated in rule 44(a) he was deprived of due process of law.

We note at the outset that the defendant did not object to this procedure when the hearing date was set nor when the contempt hearing was held. Our review of the record does not demonstrate that the defendant suffered any prejudice as a result of the procedure used for initiating this contempt hearing. We recognize that this procedure did not conform precisely to the rule. However, as we have frequently noted: "Technical accuracy of pleading has not traditionally been required in contempt cases, [although] the alleged contemnor should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation." *Katz* v. *Commonwealth*, 379 Mass. 305, 312-313 (1979). See *Miaskiewicz* v. *Commonwealth*, 380 Mass. 153, 156 (1980); *Fay* v. *Commonwealth*, 379 Mass. 498, 502-503 (1980); *Woodbury* v. *Commonwealth*, 295 Mass. 316, 323 (1936). This principle is consistent with the general purpose of the rule 44(a) provision calling for prosecution of nonsummary criminal contempts by complaint, unless the prosecutor elects to proceed by indictment. We conclude that this purpose is to provide the defendant with adequate notice as to the charges made against him and the opportunity to prepare his defense to meet them.

As noted above, the commissioner did not obtain a formal complaint. However, the commissioner did file a detailed three page motion for contempt with the court and served it on the defendant. Moreover, after the defendant had been arrested and brought before the Superior Court, the judge informed him that this contempt motion would be treated as a criminal contempt matter and continued the hearing for several weeks to give the defendant a full opportunity to prepare his defense. The defendant indicated at this time that he understood that the proceedings against him were criminal in nature. Through these procedures, the defendant received clear, unambiguous notice that a judicial order had been issued which required him to take certain actions and that he had failed to comply with the order. A formal complaint would have done no more. Under Mass. R. Crim. P. 4(a), 378 Mass. 849 (1979), a complaint consists

only of a caption as provided by law "together with a plain, concise description of the act which constitutes the crime . . . ." Although not formally denominated a complaint, we conclude that the commissioner's motion together with the judge's explanation of the charges to the defendant and the continuance of the proceeding for several weeks gave the defendant more than adequate notice of the charges against him and provided the defendant a reasonable opportunity to defend against them. See *Miaskiewicz* v. *Commonwealth, supra* at 156; *Fay* v. *Commonwealth, supra* at 502; *Katz* v. *Commonwealth, supra* at 313. While the preferred procedure is to proceed by complaint or indictment as set forth in the rule, in the absence of an objection at trial by the defendant to proceeding by motion or a showing of resulting prejudice, we decline to disturb his conviction on this ground.

2. The defendant next argues that his conviction must be reversed and a new trial granted because he was deprived of his right to a jury trial as provided for by Mass. R. Crim. P. 44(a). We agree.

The recent adoption of rule 44 changed the procedural requirements for adjudicating nonsummary contempt proceedings in the Superior Court and the District Courts. As we recognized in *Miaskiewicz* v. *Commonwealth, supra* at 157, prior to "the effective date of the new [criminal procedure] rules . . . there was no right to a jury trial under Massachusetts State law in a proceeding for contempt, and Federal law required a jury trial only if an actual penalty of more than six months' imprisonment was imposed. *Matter of DeSaulnier (No. 3),* 360 Mass. 769, 773-775 (1971), and cases cited."

However, rule 44(a) now provides that a case of criminal contempt not adjudicated summarily "shall proceed as a criminal case in the court in which the contempt is alleged to have been committed." This new rule "brings into play the right to jury trial. G. L. c. 263, § 6 (waiver). G. L. c. 278, § 2 (criminal cases in Superior Court)." *Miaskiewicz* v. *Commonwealth, supra* at 156. See *Furtado* v. *Furtado,*

380 Mass. 137, 142 n.5 (1980). By its terms, rule 44(a) is applicable to all nonsummary criminal contempt proceedings in the Superior Court and the District Courts. Since under this rule the case shall proceed as "a criminal case" in the court in which the alleged violation occurs and under G. L. c. 278, § 2, a criminal defendant in the Superior Court is entitled to have all "[i]ssues of fact . . . tried by a jury . . . unless the [defendant] elects to be tried by the court," it is clear that rule 44 established the right to a jury trial for a defendant charged with nonsummary criminal contempt in the Superior Court.[1]

The defendant in this case was convicted of criminal contempt without being afforded his right to a trial by jury or the opportunity to waive this right. Under Mass. R. Crim. P. 19(a), 378 Mass. 888 (1979), a case in which the defendant has the right to a jury trial must be so tried unless the defendant waives this right in writing with the approval of the court and files the waiver with the clerk of the court. This is a prerequisite to proceeding without a jury. The record does not show that the defendant made a written waiver of his right to trial by jury. We cannot presume from a silent record that the defendant waived this right. See *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969). Since there is no showing of waiver we conclude that the defendant was deprived of his jury trial right and that a new trial is necessary.

*Judgment reversed.*

*Finding set aside.*

---

[1] Compare Mass. R. Crim. P. 43(b), 378 Mass. 919 (1978), which provides for the right to a jury trial even for proceedings originally begun as summary contempt proceedings where the judge determines, after hearing evidence or argument relevant to guilt or punishment, that the sentence he would impose for the direct contempt may be in excess of three months' imprisonment or a fine of $500. See *Furtado* v. *Furtado*, *supra* at 142 n.5