COMMONWEALTH *vs.* JAMES F. KING, JR.

Essex.    October 7, 1986. — November 3, 1986.

Present: GREANEY, C.J., QUIRICO, & GRANT, JJ.

*Assault with Intent to Kill. Practice, Criminal,* Instructions to jury. *Intent. Self-Defense.*

At the trial of an indictment charging assault with intent to murder, there was nothing in the judge's instructions to the jury defining assault with intent to murder and the lesser included offense of assault with intent to kill which undermined, or diminished, the need for the jury to find that, at the time of the crime, the defendant had a specific intent to kill in order to convict him of the lesser included offense. [89-91]

In a case arising out of the stabbing of a person outside a bar, there was no merit to claims on appeal by the defendant that the judge's instructions to the jury on self-defense shifted the burden of proof on that issue to the defendant, that the instructions may have led the jury to think that the issue of self-defense applied only to the offense charged and not to a lesser included offense, and that the judge was required to restate his instructions on self-defense when he gave supplemental instructions to the jury on the lesser included offense. [92]

INDICTMENTS found and returned in the Superior Court Department on February 16, 1983.

The cases were tried before *Walter E. Steele,* J.

*Daniel T. Bowie* for the defendant.

*Richard A. McGovern,* Assistant District Attorney, for the Commonwealth.

GREANEY, C.J. A Superior Court jury found the defendant guilty of assault and battery by means of a dangerous weapon and of assault with intent to kill. The latter conviction was returned on an indictment charging assault with intent to murder. Represented by new counsel on appeal, the defendant argues (1) that the judge's instructions allowed the jury to convict him of assault with intent to kill without their finding

a specific intent to kill; and (2) that the instructions on self-defense were inadequate.

The evidence brought out the following. On December 22, 1982, the defendant and the victim found themselves in the same bar in Lynn. Before arriving at the bar, the victim drank two six packs of beer. He had several more beers at the bar. During the evening a scuffle broke out between the victim and the defendant. The two men were separated and both were ordered to leave.

The defendant left the bar first. Several minutes later, the victim followed. A confrontation occurred in an alley outside the bar. The victim was found alone in the alley with five stab wounds, one of which may have punctured a lung, another of which punctured his heart. The defendant had scratches on his face but no other wounds. There was no direct evidence at trial as to what took place in the alley because the victim, as a result of his injuries, had no memory of what had occurred and the defendant exercised his right not to testify. There was testimony by the arresting police officer that the defendant claimed that the victim had attacked him with a knife. The defendant told the officer that he had wrestled with the victim for the knife, but he said that when he left the victim was fine. The defendant also claimed to the police that the victim's wounds were caused by the victim's climbing a chain link fence.

Although the police searched the scene of the fight thoroughly, no knife was found. Friends of the defendant testified that he did not usually carry a knife. The victim worked as a roofer and used a utility knife in that job. The victim's employer testified that after the incident he found the victim's utility knife with his other tools.

1. The defendant argues that, while summarizing the possible verdicts open to the jury on the assault with intent to murder charge, the judge gave an instruction which allowed them to find him guilty of assault with intent to kill by simply finding the absence of an intent to murder.[1] He also criticizes a second

---

[1] This instruction reads as follows: "If you are not convinced that at the time he assaulted the victim . . . he had the specific intent to murder, you

instruction, which he maintains allowed the jury improperly to infer the existence of a specific intent to kill from a finding of provocation.[2] In the defendant's view, the two instructions "glossed over" the element of a specific intent to kill and permitted conviction of assault with intent to kill without a finding of the requisite intent.

We examine the charge as a whole to ascertain whether it may have created a substantial risk of a miscarriage of justice.[3] *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967). We discern no such risk. In defining an assault, the judge carefully and accurately differentiated between the concepts of general and specific intent. He stated that conviction for assault with intent to murder required a "definite, precise or particular intent . . . to murder the victim . . . with malice aforethought." The judge defined malice in terms of the absence of legal justification or excuse and gave helpful and proper examples of the latter concepts. The charge stated the essence of the crime of assault with intent to murder (as defined by *Commonwealth* v. *Henson,* 394 Mass. 584, 591 [1985]) as involving both a specific intent to kill and the presence of

---

may, if you are convinced beyond a reasonable doubt, find that at the time he assaulted, he intended to kill the victim, then you may find him guilty of that."

[2] This instruction reads as follows: "[I]f the prosecution has proven beyond a reasonable doubt that the defendant assaulted the victim and that the defendant intended to kill him when he assaulted him, but you further find that the defendant was responding at this time to great and reasonable provocation, . . . you should find the defendant guilty of the lesser included offense of assault with intent to kill."

[3] The case was tried prior to the decisions in *Commonwealth* v. *Henson,* 394 Mass. 584 (1985), and *Commonwealth* v. *Ennis,* 20 Mass. App. Ct. 263 (1985), *S.C.,* 389 Mass. 170 (1986). These decisions clarified the manner in which a jury should be instructed on the crimes of assault with intent to murder and assault with intent to kill. See the suggested framework for instructions set forth at 20 Mass. App. Ct. 267-268. In view of the later development of the law in this area, the defendant's trial counsel understandably made no objection to the instructions given by the judge. (Nor were particular instructions on the crimes requested.) *Commonwealth* v. *Ennis,* 398 Mass. at 176, indicates that the *Freeman* miscarriage of justice standard applies in examining the sufficiency of instructions in cases like the present where no objection was made at trial.

malice, in the sense of the "absence of justification, excuse, and mitigation."

In his charge on assault with intent to kill, the judge made it clear that the offense involved an intent to kill without malice. He formulated his instructions on the offense in terms of the elements of voluntary manslaughter and specifically explained how an intentional killing done in the heat of passion or under great provocation could negate the presence of legal malice. See *Commonwealth* v. *Parenti,* 14 Mass. App. Ct. 696, 699, 702 (1982). In this regard, the charge was entirely consistent with the passage in the *Henson* decision (394 Mass. at 591) which states that "in the lesser crime [assault with intent to kill] there need be no proof of malice and thus only such an intention to kill as would amount to voluntary manslaughter if the victim died." The substance of the charge pointed out that, while both assault with intent to murder and assault with intent to kill require a specific intent to kill, the absence of malice distinguishes the lesser included offense from the greater one. Moreover, the judge's supplemental instructions, given in response to the jury's request for redefinition of assault with intent to kill, advised the jury that conviction of this offense would not be warranted unless they should find beyond a reasonable doubt that the "defendant intended to kill [the victim] when he assaulted him." The two criticized instructions, see nn. 1 and 2 above, are consistent with this express direction. We perceive nothing in either instruction which undermined, or diminished, the need for the critical finding by the jury of a specific intent to kill. Rather, both instructions affirm the necessity for such a showing.[4]

---

[4] The first instruction appears to suffer from the insertion of an extra "find." Even with the unnecessary "find" the sense of the passage should be reasonably clear to the average juror as requiring the presence of a specific intent to kill to convict of assault with intent to kill.

The fact that the charge on the offenses was structured around the differences between murder and manslaughter was undesirable but not fatal because the charge sufficiently communicated to the jury that the defendant's conviction of assault with intent to kill would not be warranted unless they should find an assault and an actual intent to kill.

2. The defendant's arguments on the self-defense instructions may be dealt with summarily.

(a) The judge began his instructions on the subject by describing self-defense as "the legal justification for conduct that would otherwise constitute crimes." The use of the words "legal justification" is not favored because it may have a tendency to shift the burden of proof on the issue of self-defense to the defendant. See *Commonwealth* v. *Rodriguez,* 370 Mass. 684, 690, 691 (1976). The defendant claims that that is what happened in this case. The argument focuses on one tree and misses the forest. There is nothing else in the charge that might have tended to shift the burden. The charge considered as a whole made clear to the jury that the Commonwealth had to establish beyond a reasonable doubt that the defendant had not acted in self-defense.

(b) There is nothing to the contention that the instructions on self-defense may have led this jury to think that the issue of self-defense applied only to the offense of assault with intent to murder and not to the offense of assault with intent to kill. The judge expressly instructed the jury that "if you are convinced that [the defendant] acted in self-defense, and you are not convinced that the Commonwealth has proved that he did not act in self-defense, you must acquit the defendant of everything."

(c) The judge was not required to restate his instructions on self-defense when he gave the jury supplemental instructions, as requested by them, on the elements of assault with intent to kill. "The judge in giving further instructions is not required to repeat all aspects of his prior charge." *Commonwealth* v. *Sellon,* 380 Mass. 220, 234 (1980).

*Judgments affirmed.*