COMMONWEALTH vs. STEPHEN J. COWIE.

No. 89-P-1060.

Middlesex. February 14, 1990. - June 28, 1990. .

Present: KASS, CUTTER, & JACOBS, JJ.

*Assault with Intent to Kill. Practice, Criminal,* Instructions to jury, Argu-
ment by prosecutor, Assistance of counsel. *Malice. Intent. Self-Defense.
Evidence,* Intoxication.

Where, at the trial of indictments charging armed assault with intent to
     murder, on which the jury returned verdicts of guilty of armed assault
     with intent to kill, the evidence presented the jury with a factual issue
     whether the defendant intended to kill anyone when he fired a handgun
     at two police officers who were accompanying his former woman friend
     and her daughters to a courthouse to obtain a restraining order against
     him, it was reversible error for the judge not to instruct the jury that,
     for conviction of either offense, the Commonwealth must prove beyond
     a reasonable doubt that the defendant formed a specific intent to kill.
     [743-746]
At the trial of indictments charging armed assault with intent to murder,
     on which the jury returned verdicts of guilty of armed assault with in-
     tent to kill, neither the judge's instructions to the jury defining the
     Commonwealth's burden to prove beyond a reasonable doubt that the
     defendant had acted with excessive force in self-defense, nor his failing
     to include a subjective standard of reasonableness in his charge on self-
     defense, created a substantial risk of a miscarriage of justice. [746-747]
At the trial of indictments charging assault with intent to murder, the
     judge acted within his discretion in deciding that a witness who had
     glimpsed, at a distance, the defendant's face and manner of walking
     had an insufficient basis for an opinion that the defendant was intoxi-
     cated; furthermore, nothing in the record indicated that the prosecu-
     tor's closing argument was improper, or that assistance of defendant's
     trial counsel was ineffective. [747]

INDICTMENTS found and returned in the Superior Court
Department on June 21, 1983.

Following review reported in 404 Mass. 119 (1989), a mo-
tion for a new trial, filed on March 1, 1989, was heard by
*John J. Irwin, Jr.,* J.

*Wendy Sibbison* for the defendant.

*David R. Marks*, Assistant District Attorney, for the Commonwealth.

KASS, J. On appeal from the denial of a motion for a new trial, the defendant seeks review of claims of error relating to a trial before a jury which took place in December, 1983. For a procedural history of the case, see *Commonwealth* v. *Cowie*, 404 Mass. 119, 123 (1989), which held reviewable, on appeal from the denial of a motion for a new trial, the points placed before us by the defendant. Those claims of error relate to the jury instructions, an evidentiary exclusion, improper closing argument by the prosecutor, and ineffective assistance of counsel.

The jury returned verdicts of guilty of two counts of armed assault with intent to kill (the defendant had shot and wounded two Cambridge police officers) on indictments for armed assault with intent to murder; i.e., the jury found the defendant guilty of the lesser included offense. The defendant was also convicted of two counts of assault and battery by means of a dangerous weapon, of unlawfully carrying a firearm, and of violating a city firearm ordinance. The last conviction was filed.

1. *Claimed Errors in Jury Instructions.*

(a) *Concerning assault with intent to kill.* On the authority of *Commonwealth* v. *Henson*, 394 Mass. 584, 590 (1985), as applied in *Commonwealth* v. *Ennis*, 398 Mass. 170, 175 (1986), and *Commonwealth* v. *Fernette*, 398 Mass. 658, 671-672 (1986), the charge on assault with intent to kill was fatally defective. We are constrained to reverse the order denying the motion for a new trial on the convictions of armed assault with intent to kill. When given in 1983, the charge conformed with what was then considered customary and sound. The judge spoke to the jurors of a specific intent to murder and then defined murder as an unlawful killing with malice, i.e., without justification, excuse, or mitigation. He went on to explain that if the intended killing was not accompanied by malice, and the jurors found that the defendant had used excessive force in self-defense, then they might find

the defendant guilty of assault with intent to kill or to commit manslaughter.[1] Absent from the description of either assault with intent to murder or assault with intent to kill was the "specific intent to kill" which *Henson* requires. For a discussion of the development of this doctrine, see *Commonwealth* v. *Ennis*, 20 Mass. App. Ct. 263, 265-268 (1985), *S.C.*, 398 Mass. 170 (1986).

Very likely because the instructions given by the trial judge seemed correct when given, defense counsel made no objection. We consider the case, therefore, on the substantial risk of a miscarriage of justice standard. *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). *Commonwealth* v. *Gabbidon*, 398 Mass. 1, 5 (1986). In terms of the realities of the case, it is hard to think the jury were misled. Prior to the shooting, the defendant had threatened his former woman friend and her daughters. When the woman friend saw the defendant's car outside her home she called the Cambridge police for protection. Two officers in plain clothes responded. Their purpose was to escort the woman and her daughters to the courthouse, there to obtain a restraining order against the defendant. Seeing the woman who had rejected him emerge from her house with "another man" (it was one of the police officers) enraged the defendant. He advanced, gun in hand, and the shooting started. Who fired the first shot was disputed, as was whether Officers Burns and Grossi had identified themselves as police. Before the defendant was subdued he shot Burns in the hip, the ankle, and both legs. After emptying his weapon at Burns, the defendant reloaded and shot Grossi in the back. Burns fired a shot which struck the defendant in the abdomen.

Murder is a word with a sinister connotation and one may suppose that the judge's instruction to the jury that they were to consider whether the defendant had formed the specific intent to murder and the definition of murder as an unlawful killing would cause the jurors to consider whether the

---

[1]Unlike the circumstances in *Commonwealth* v. *Nardone*, 406 Mass. 123, 130-132 (1989), the facts in this case warranted a charge of assault with intent to kill as a lesser included offense.

defendant's purpose was to render the objects of his shots dead. The law, however, is otherwise. The opinions in *Commonwealth* v. *Henson*, 394 Mass. at 590-591, *Commonwealth* v. *Ennis*, 398 Mass. at 173-174, *Commonwealth* v. *Fernette*, 398 Mass. at 671-672, and *Commonwealth* v. *Nardone*, 406 Mass. 123, 131 (1989), establish that in charging on the elements of assault with intent to murder or assault with intent to kill it is necessary to direct the jury's attention expressly to the idea that the defendant must have formed a specific intent to kill. In the case of assault with intent to murder, therefore, the elements are assault, specific intent to kill, and absence of mitigation; in the case of assault with intent to kill, the elements are assault, specific intent to kill, and the existence of a mitigating circumstance. *Id.* at 131. "Mitigation," as distinct from "justification" and "excuse," means an unlawful homicide, *id.* at 130-131, and, thus, assault with intent to kill is an assault with intent to commit manslaughter. See the charge reproduced in *Commonwealth* v. *Alfonso*, 19 Mass. App. Ct. 599, 602 n.3 (1985). See also the adequate charge discussed in *Commonwealth* v. *King*, 23 Mass. App. Ct. 88, 90-91 (1986). The reason instruction on specific intent to kill is considered critical in the "assault with intent" crimes is that commission of the crime of murder or manslaughter does not necessarily implicate an actual intent to kill. *Commonwealth* v. *Ennis*, 20 Mass. App. Ct. at 267, and cases cited.[2] See also in this regard *Commonwealth* v. *Hebert*, 373 Mass. 535, 538-539 (1977); *Commonwealth* v. *Parenti*, 14 Mass. 696, 699 (1982).

It was further decided in *Commonwealth* v. *Ennis*, 398 Mass. at 175, and *Commonwealth* v. *Fernette*, 398 Mass. at 671-672, that the principle enunciated in *Henson* was applicable to cases tried prior to the date *Henson* was published.

---

[2]The Commonwealth makes the argument that the very title of the crime of which the defendant stands convicted, "assault with intent to kill," is self-instructing in that the words in quotation marks connote formation of an intent to end the life of the person assaulted. It is an appealing argument but its fallacy is that the force of the words is neutralized by an instruction which leaves the impression that the crime may be committed without a specific intent to kill.

At least that is so with cases on direct appeal. See *Commonwealth* v. *Bray*, 407 Mass. 296, 298-301 (1990). We read *Commonwealth* v. *Cowie*, 404 Mass. at 123, as requiring us to treat the case, in light of its peculiar procedural history, as if it had been a direct appeal. In the *Ennis* case, 398 Mass. at 177, the court concluded that because the instructions repeatedly referred to formation of a specific intent to kill, the essential element was adequately called to the jury's attention. In the *Fernette* case, however, 398 Mass. at 671-672, a pre-*Henson* instruction deficient, as here, by reason of the absence of instruction about specific intent to kill was held to involve substantial risk of a miscarriage of justice because the defendant's homicidal intent was an actively contested issue in the case. Whether Cowie wanted to kill anyone in the instant case was actively contested. Compare *Commonwealth* v. *Puleio*, 394 Mass. 101, 109 (1985); *Commonwealth* v. *Gabbidon*, 398 Mass. 1, 4-5 (1986). By reason of the force and precision of *Henson* and its progeny, it is, regrettably, necessary to order a new trial on the charges of armed assault with intent to kill. In view of that conclusion, it is not necessary to discuss the defendant's arguments about the absence from the charge of any instructions on lack of capacity to form a specific intent by reason of intoxication and mental impairment.[3]

(b) *Other asserted deficiencies in the jury instructions.* Although trial counsel made no such objections at trial, appellate counsel further faults the judge's instructions (i) in defining the Commonwealth's burden to prove beyond a reasonable doubt that Cowie had acted with excessive force in self-defense; and (ii) for failing to include a subjective standard of reasonableness. These points require little discussion. The judge expressly charged the jury that evidence of self-defense was in the case and that the government had the burden to prove beyond a reasonable doubt that the defendant was not acting in self-defense. The judge correctly de-

---

[3]As to the development of the law on this subject and its applicability see the recent opinions in *Commonwealth* v. *Bray*, 407 Mass. 296 (1990), and *Commonwealth* v. *Bowler*, 407 Mass. 304 (1990).

scribed what would constitute self-defense and then explained that the threatened person could not react with unreasonable or excessive force. Appellate counsel argues that the burden of establishing excessive force was "understated." Substantial risk of miscarriage of justice does not turn on that sort of nuance. The contention that the charge on self-defense should include more emphasis on the subjective perceptions of the defendant was rejected in *Commonwealth v. Albert*, 391 Mass. 853, 861 (1984). Again, the alleged deficiency does not involve a substantial risk of a miscarriage of justice.

2. *Miscellaneous.* (a) The judge struck testimony of Cowie's woman friend that she deduced from her glimpse of Cowie's visage and walk at some distance that he was intoxicated. Even though a lay person may venture an opinion about sobriety, see *Commonwealth v. Atencio*, 12 Mass. App. Ct. 747, 750-751 (1981), the trial judge acted well within his discretion in deciding that the woman friend's glimpse was an insufficient basis for such an opinion. (b) We have reviewed the closing arguments and are unpersuaded that the prosecutor's closing argument crossed the line of propriety. (c) Trial counsel made a good case for the defendant in difficult circumstances. He secured the defendant's acquittal on the most serious charges. His lack of prescience about the significance of the "specific intent to kill" ingredient explicated two years later in *Henson* was hardly ineffective assistance of counsel.

Although the drawing of logical distinctions among the crimes of murder, manslaughter, and assault with intent to commit those crimes is manageable at an appellate level, one may well nourish skepticism about how those subtleties are digested by jurors. Once again there is an occasion to recommend legislative consideration of the more clearly defined gradations of homicide which appear in the A.L.I. Model Penal Code §§ 210.0-210.3, 211.0, 211.2, and comments (1962). See *Commonwealth v. Starling*, 382 Mass. 423, 428 (1981); *Commonwealth v. Parenti*, 14 Mass. App. Ct. at 702.

3. *Conclusion.* The order denying the motion for a new trial is reversed with regard to the convictions of armed assault with intent to kill. The order denying the motion for a new trial is affirmed with regard to the remaining convictions.

*So ordered.*