## COMMONWEALTH *vs.* PATRICK WISWALL.

No. 95-P-1165.

Suffolk. April 8, 1997. - October 22, 1997.

Present: ARMSTRONG, BROWN, & JACOBS, JJ.

*Practice, Criminal,* Plea. *Constitutional Law,* Plea. *Due Process of Law,* Plea. *Assault with Intent to Kill.*

A criminal defendant charged with armed assault with intent to murder, who agreed to plead guilty to assault with intent to kill as part of an agreed sentence recommendation that the judge honored, received adequate notice that a specific intent to kill was an element of the crime where, both in discussions with his counsel as part of plea bargaining and again repeatedly at the change of plea hearing, he was informed that he was pleading guilty to "assault with intent to kill." [723-724]

INDICTMENTS found and returned in the Superior Court Department on February 6, 1992.

A motion for leave to withdraw guilty pleas and for a new trial was heard by *James P. Donohue,* J.

*Patrick Wiswall,* pro se.

*Eric Neyman,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. *Henderson* v. *Morgan,* 426 U.S. 637 (1976), established that a plea of guilty could not be regarded as having been made intelligently and voluntarily unless the defendant received adequate notice of each of the critical elements of the offense. The case does not require, however, that, in every instance, the judge explicate all the elements of the crime (426 U.S. at 647 n.18). Thus, a plea can be shown to be voluntary if the record shows: "(1) an explanation by the judge of the elements of the crime; or (2) a representation that counsel has explained to the defendant the elements he admits by his plea; or (3) defendant's statements admitting facts constituting the unexplained elements." *Commonwealth* v. *Colantoni,* 396 Mass.

672, 679 (1986), paraphrasing *Commonwealth* v. *McGuirk*, 376 Mass. 338, 343-344 (1978), cert. denied, 439 U.S. 1120 (1979).

In this pro se appeal from the lower court's denial, without an evidentiary hearing, of his motion to withdraw his guilty pleas, the defendant argues that his plea of guilty to assault with intent to kill was involuntary because he was not informed that an actual intent to kill was an element of the offense. He denies that he had such an intent. The elements were not read at the colloquy, nor was there a representation that the defendant's counsel explained them. The record does show that the defendant — who was charged with armed assault with intent to murder and agreed to plead guilty to assault with intent to kill as part of an agreed sentence recommendation that the judge honored — acknowledged that, during an extended police chase, he was driving a stolen car, saw Officer Collier in the roadway ahead of him, and "changed lanes and tried to run Collier over." Collier escaped because "he was able to jump into the median strip."

The admitted facts did not show that the defendant had an intent to kill as matter of law. Compare *Henderson* v. *Morgan*, *supra* at 645-646. Nevertheless the defendant, both in discussions with his counsel as part of plea bargaining, and again, repeatedly, at the change of plea hearing, was informed that he was pleading guilty to "assault *with intent to kill*." As to the element of intent to kill, the charge was, in our view, self-explanatory. By agreeing to plead guilty to assault "with intent to kill," the defendant acknowledged that his intent when he "tried to run Collier over" was to kill him. The words "with intent to kill," left unadorned, are not vague or ambiguous.[1]

The conclusion we reach here is not inconsistent with our decision in *Commonwealth* v. *Cowie*, 28 Mass. App. Ct. 742 (1990). There the question was the adequacy of jury instructions on a charge of assault with intent to murder, delivered prior to the decision in *Commonwealth* v. *Henson*, 394 Mass. 584, 590 (1985). The instructions in *Cowie* defined murder and malice, and explained how, if the jury were to find that the defendant had used excessive force in self-defense, they could return, as a lesser included offense, a verdict of assault with intent to kill or to commit manslaughter. 28 Mass. App. Ct.

---

[1]Contrast *Commonwealth* v. *Correa*, *ante* 714 (1997), where there was no indication that the defendant received notice of the elements of the offenses to which he pleaded guilty.

743-744. See *Commonwealth* v. *Ennis*, 20 Mass. App. Ct. 263, 265-268 (1985), *S.C.*, 398 Mass. 170 (1986). The jury found the defendant guilty of assault with intent to kill. The difficulty with the charge was that it permitted the jury to find the defendant guilty of assault with intent to kill without finding a specific intent to kill, in violation of *Commonwealth* v. *Henson, supra.* The Commonwealth argued, in defense of the verdict, that the jury must have found that the defendant had a specific intent to kill because the very name of the offense on which they convicted, assault with intent to kill, was so clear. "It is an appealing argument," we reasoned, "but its fallacy is that the force of the words [was] neutralized by an instruction which [left] the impression that the crime may be committed without a specific intent to kill." 28 Mass. App. Ct. at 745 n.2.

The force of the words of the charge was not, in this case, neutralized by instructions that blurred the meaning of "with intent to kill." We hold that the record sufficiently showed that the defendant voluntarily and intelligently pleaded guilty to the reduced charge. For decisions following similar reasoning, see *Commonwealth* v. *Hayes*, 245 Pa. Super. 521, 524-525 (1976); *State* v. *Holmes*, 270 N.W.2d 51, 53-54 (S.D 1978); *State* v. *Brown*, 29 Wash. App. 770, 779-780 (1981).

We have considered the defendant's other arguments, but they are without merit and need not be discussed.

> *Order denying motion to withdraw guilty pleas and for a new trial affirmed.*