COMMONWEALTH *vs.* MARCUS PIXLEY. No. 98-P-869. January 28, 2000. *Practice, Criminal,* Plea, Judicial discretion, Postconviction relief.

Marcus Pixley appeals from the denial of his motion to withdraw a guilty plea. On March 31, 1997, Pixley pleaded guilty to a charge of possession of a class B substance with intent to distribute in violation of G. L. c. 94C, § 32A. He received a one-year sentence to be served concurrently with sentences on other convictions.[1] On or about June 2, 1997, Pixley moved pro se to withdraw his guilty plea pursuant to Mass.R.Crim.P. 12(d), 378 Mass. 866 (1979). He claimed that his plea was not made intelligently or voluntarily.[2] The motion was heard and denied on October 7, 1997. Notice of appeal was filed on December 9, 1997.[3] We reverse the denial of the motion to withdraw the plea.

Postconviction motions to withdraw pleas are treated as motions for a new trial. *Commonwealth* v. *DeMarco*, 387 Mass. 481, 482 (1982). Under Mass.R. Crim.P. 30(b), 378 Mass. 900 (1979), a trial judge may allow the motion at any time if it appears that justice may not have been done. See *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 716 (1997). "The judge's disposition of the motion will not be reversed unless it is shown to be an abuse of discretion that produces a manifestly unjust result." *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. 41, 48 (1997).

---

[1]On that same date, Pixley also pleaded guilty to charges of assault and battery on a public employee and resisting arrest. Pixley did not file a motion to withdraw his guilty pleas on these convictions. He also received a one-year sentence for probation revocation. All sentences were to run concurrently.

[2]The Commonwealth contends that the issues raised in Pixley's appellate brief were not raised below in his pro se motion to withdraw his plea. Although his arguments below and those presented on appeal are not perfectly matched, our review of the record shows that Pixley's affidavit in support of his motion raised the issue that there was insufficient evidence to support the charge. At the motion hearing, Pixley's counsel stated that Pixley did not appreciate that he was pleading to possession with intent to distribute. Thus, Pixley's claim that his plea was not intelligent or voluntary was adequately conveyed to the motion judge.

[3]The Commonwealth correctly maintains that the trial judge did not have authority under Mass.R.A.P. 4(c), as amended, 378 Mass. 928 (1979), to grant Pixley's motion to file his appeal late. His appeal was filed sixty-three days after the denial of the motion to withdraw the guilty plea was entered on the court docket; under rule 4(c), the judge could enlarge the time for filing an appeal for up to sixty days only. See *Commonwealth* v. *Burns*, 43 Mass. App. Ct. 263, 265 (1997). Although the defendant's appeal is procedurally defective by three days, we nevertheless review the merits of his contentions in order to conserve judicial resources. See *Commonwealth* v. *Franco*, 419 Mass. 635, 636 (1995) (defendant failed to file notice of appeal within thirty days as required by Mass. R.A.P. 3[a], as amended, 378 Mass. 927 [1979], and 4[b], as amended, 378 Mass. 928 [1979], but court reviewed merits of appeal to conserve judicial resources).

We review the plea record to determine whether the plea was intelligently and voluntarily made. See *Commonwealth* v. *Lewis*, 399 Mass. 761, 764 (1987), citing *Boykin* v. *Alabama*, 395 U.S. 238, 242 (1969). A plea is considered intelligent if the defendant has knowledge of the elements of the charges against him. See Mass.R.Crim.P. 12(c)(5)(A), 378 Mass. 869 (1979); *Correa*, 43 Mass. App. Ct. at 717. This requirement is satisfied when the record affirmatively shows that either (1) the judge explained the elements of the crime; or (2) counsel represented that she had explained to the defendant the elements admitted by the plea; or (3) the defendant's statements admitted facts that constituted the unexplained elements. See *Commonwealth* v. *Colantoni*, 396 Mass. 672, 679 (1986).

The transcript of Pixley's plea colloquy demonstrates that none of the above three alternatives was satisfied. The judge did not explain the elements of the crime charged. He informed Pixley only that he was being charged with "the possession of cocaine with the intent to distribute it." The Commonwealth argues that this charge is "self-explanatory," relying upon *Commonwealth* v. *Wiswall*, 43 Mass. App. Ct. 722, 723 (1997). Unlike the defendant in *Wiswall*, however, there is no indication in the record that Pixley was "repeatedly" informed of the charge he was pleading to or that he had discussed the charges with his counsel as part of plea bargaining. *Ibid.* In addition, there is also no affirmative representation in the transcript by Pixley's counsel that he had explained the elements of the charge to Pixley. See *Colantoni*, 396 Mass. at 679. Indeed, counsel reported that there were "communication problems" with his client.

Nor did Pixley admit to any facts constituting the elements of the charge. The judge informed Pixley that he had been told by the prosecutor, apparently not in Pixley's presence, the "officers' version of what happened." Pixley recited his own version of events: he protested his innocence but did not admit to any facts.[4] Even though a defendant who professes innocence may still knowingly plead guilty, the State must demonstrate a "strong factual basis" for the plea. *Commonwealth* v. *DelVerde*, 398 Mass. 288, 297 (1986) ("court may not convict unless there are sufficient facts on the record to establish each element of the offense"). Pixley, however, did not admit to any facts recited by the Commonwealth since the prosecutor neither read nor offered to read for the record any facts or evidence that would have been presented at trial. Compare *Commonwealth* v. *Sullivan*, 385 Mass. 497, 508 (1982) (evidence presented by Commonwealth at trial provided sufficient factual basis for plea); *Commonwealth* v. *Baker*, 46 Mass. App. Ct. 915, 915-916 (1999) (plea upheld as prosecutor recited facts that incorporated necessary elements of crime). Notwithstanding Pixley's experience with the criminal justice system, his plea cannot be considered intelligent on the basis of the plea colloquy. The motion judge thus abused his discretion in denying the motion to withdraw the plea.

We need not reach the issue of whether Pixley's plea was made voluntarily. If the record demonstrates that a plea was not made intelligently, nothing more need be shown to establish the inadequacy of the colloquy for

---

[4]Pixley stated that he had only money in his possession when he was arrested, another man nearby had been seized with him but released, and he felt that he had been "harassed" by the police.

constitutional purposes. See *Correa*, 43 Mass. App. Ct. at 719, citing *Henderson* v. *Morgan*, 426 U.S. 637, 645-646 (1976). We reverse the judgment, vacate Pixley's conviction, and remand this matter for further proceedings not inconsistent herewith.

*So ordered.*

*Thomas Stylianos, Jr.*, for the defendant.
*Karen A. Palumbo*, Assistant District Attorney, for the Commonwealth.