COMMONWEALTH *vs.* DEXTER ANDREWS.

No. 99-P-37.

Suffolk. February 16, 2000. - May 11, 2000.

Present: ARMSTRONG, DREBEN, & DUFFLY, JJ.

*Practice, Criminal,* Plea. *Constitutional Law,* Plea.

The record of a plea colloquy did not demonstrate that the defendant know-
ingly pleaded guilty to possession of cocaine with intent to distribute
rather than simple possession of the substance, inasmuch as neither the
judge, nor apparently counsel, explained the element of intent to distribute
and the facts recited by the prosecutor were ambiguous: the defendant's
motion to withdraw his guilty plea should have been allowed. [203-205]

INDICTMENT found and returned in the Superior Court Depart-
ment on August 30, 1994.

A guilty plea was accepted by *Robert H. Bohn, Jr.,* J., and a
motion to withdraw the plea, filed on December 29, 1997, was
heard by him.

*Kevin S. Nixon* for the defendant.

*Cara Daniels* (*Kristine Luongo Tammaro,* Assistant District
Attorney, with her) for the Commonwealth.

DUFFLY, J. On March 12, 1996, the defendant pleaded guilty
to possession of a Class B controlled substance with intent to
distribute. On December 29, 1997, he filed a motion, supported
by his affidavit and that of his counsel at the time of the guilty
plea, seeking to withdraw his plea on the grounds that certain
defects in the plea process rendered his plea unknowing and
involuntary, and that his legal representation in connection with
the plea was constitutionally ineffective.[1] The motion was denied

---

[1]The essence of the defendant's claim is that, based on discussions with his
attorney, he understood that he was pleading guilty to the misdemeanor charge
of possession of cocaine, and not to the felony charge of possession with
intent to distribute, for which he was sentenced. His attorney's affidavit states
that the attorney believed that the plea agreement called for the defendant to

by the plea judge without an evidentiary hearing, and the defendant filed this appeal. We summarize the proceedings as background for our analysis.

On August 30, 1994, a grand jury returned indictments charging the defendant with illegal possession of a firearm in violation of G. L. c. 269, § 10(*a*), illegal possession of ammunition in violation of G. L. c. 269, § 10(*h*), and illegal possession of cocaine with intent to distribute in violation of G. L. c. 94C, § 32A. On March 12, 1996, the defendant and his attorney appeared for trial. Plea discussions ensued, and an agreed-upon recommendation was reached.

When the plea hearing began, the clerk read the charge as "possession of a Class B controlled substance with intent to distribute," to which the defendant responded that he was guilty. The judge then began the colloquy by asking the defendant if he "would like to plead guilty to this single indictment which charged [him] with possession of a Class B controlled substance." The defendant answered, "Yes." The colloquy continued with the judge making inquiries regarding, among other things, the defendant's understanding of his right to a jury trial and to cross-examination of witnesses.[2] The judge then invited the prosecutor to provide a statement of facts.

Before giving his recitation of the facts, the prosecutor stated that the judge, in his inquiry of the defendant, had omitted the "intent to distribute" portion of the charge. The judge agreed that he had done so, and then stated to the defendant, "I had thought originally that you were just going to plead guilty to so much as alleges possession of a Class B substance, but appar-

---

plead guilty to possession only, and that this was discussed with the trial judge during an unrecorded lobby conference. The attorney, however, failed to intercede when a different charge was read. Because we decide this case on the record of the colloquy alone, we do not consider the affidavits and do not reach the claim of ineffective assistance of counsel.

[2]The judge failed to inquire whether the defendant understood he was waiving his privilege against self-incrimination by pleading guilty. "The judge must ensure that the defendant is informed, on the record and in open court, of the three constitutional rights which are waived by a plea of guilty: 'the right to trial, the right to confront one's accusers, and the privilege against self-incrimination.' " *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 717 (1997), quoting from *Commonwealth* v. *Duquette*, 386 Mass. 834, 841 (1982). Such a deficiency "do[es] not necessarily require a finding that the plea was not voluntary or intelligent." *Commonwealth* v. *Correa*, 43 Mass. App. Ct. at 720 n.9. However, it may "be considered with the other deficiencies in reaching the determination that the plea was not intelligently made." *Ibid.*

ently you're pleading guilty with intent to distribute. You realize that?" To this inquiry, as to the prior inquiry regarding the charge for the lesser included offense of possession, the defendant responded, "Yes."

The prosecutor then recited the following facts. On July 13, 1994, two Boston police officers, while on patrol in the area of Morrissey Boulevard and Columbia Road in Dorchester, saw a car operated by the defendant run a stop sign. The officers activated their emergency blue lights and pulled the car over. As the officers approached, the defendant stepped out of the car. As he did so, one of the officers saw him throw a clear plastic bag onto the ground. The bag appeared to have a white rock substance in it which, consistent with the officers' knowledge and experience, appeared to be cocaine. Upon subsequent analysis, the bag, which held eleven plastic bags, was found to contain cocaine with a total weight of 2.73 grams. As the officers approached the defendant to place him in custody, a second individual, who had been sitting in the passenger seat of the car, climbed over the armrest into the driver's seat and drove off. The officers secured the defendant and pursued the vehicle. It was ultimately abandoned by the driver, who fled on foot and was not apprehended. The car was taken into custody and inventoried before being towed to the station. A loaded .38 caliber handgun was found located between the driver's seat and the armrest. The officers took the defendant to the police station, where he was found to have thirty-three dollars on his person.

The judge then asked the defendant, "[D]id you hear the statement of facts?" The defendant answered, "Yes." The defendant indicated that he had no additions or corrections. The judge made additional inquiries, to which the defendant gave appropriate assurances. However, the judge did not discuss with the defendant the elements of the charge of possession with intent to distribute, nor did the judge elicit from the defendant any acknowledgment that the defendant had discussed the elements of this charge with his attorney.

A guilty plea is valid only if it is made voluntarily, knowingly, and intelligently. See *Commonwealth* v. *Foster*, 368 Mass. 100 (1975), relying upon *Boykin* v. *Alabama*, 395 U.S. 238 (1969). A plea is intelligently made when the defendant has knowledge of the elements of the charges against him. See *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 717 (1997).

See also *Henderson* v. *Morgan*, 426 U.S. 637, 644-647 (1976); *Commonwealth* v. *Fernandes*, 390 Mass. 714, 719 (1984).

> "Otherwise put, the defendant must receive real notice of the true nature of the charge to which he pleads guilty. There must be an explanation by the judge or defense counsel of the elements of the crimes charged or an admission by the defendant to the facts constituting those crimes. This requirement can be satisfied in one of several ways: (1) by the judge explaining to the defendant the elements of the crime; (2) by counsel's representation that she has explained to the defendant the elements he admits by his plea; or, (3) by the defendant's stated admission to facts recited during the colloquy which constitute the unexplained elements."

*Commonwealth* v. *Correa*, 43 Mass. App. Ct. at 717 (internal citations omitted). See *Commonwealth* v. *DeCologero, ante* 93, 97-98 (2000).

The defendant's acknowledgment of the facts recited by the prosecutor during the plea colloquy was insufficient to support an inference that the plea was, on this basis, intelligently made. The facts as recited were ambiguous as to the defendant's intention in possessing the cocaine; the possession of 2.73 grams of cocaine, even packaged in eleven envelopes, does not, without more, clearly tend towards showing an intent to distribute. See *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 422-424 (1982) (possession of six packets of marijuana totaling 23.44 grams, and six packets of cocaine totaling 6.63 grams, without more, did not warrant guilty verdict); *Commonwealth* v. *Tripp*, 14 Mass. App. Ct. 997, 998-999 (1982) (possession of eight glassine bags containing heroin, two smaller bags containing heroin, and two paper packets containing cocaine does not, standing alone, give rise to inference of distribution). Compare *Commonwealth* v. *Senati*, 3 Mass. App. Ct. 304, 306 (1975).

The confusion created by the uncertainty as to the charge to which the defendant would plead guilty, coupled with the defendant's willingness to plead guilty no matter what was charged, and with the fact that the unexplained elements of the charge of intent to distribute were not clearly set forth in the prosecutor's recitation of facts, should have alerted the judge to the necessity of explaining the difference in the elements to the

defendant. The absence of a showing that the elements of the correct charge were explained requires reversal.

The defendant's motion to withdraw his guilty plea to possession of a Class B controlled substance with intent to distribute should have been allowed. Accordingly, the judgment is reversed and the finding of guilty is set aside. The case is remanded for a new trial or plea.

*So ordered.*