## COMMONWEALTH *vs.* ANTHONY L. JONES.

No. 02-P-1557.

Norfolk. October 22, 2003. - November 26, 2003.

Present: RAPOZA, GRASSO, & KANTROWITZ, JJ.

*Practice, Criminal,* Plea. *Constitutional Law,* Plea. *Waiver. Assault with Intent to Kill. Assault and Battery. Intimidation of Witness.*

A criminal defendant's guilty pleas to a complaint charging one count of assault and battery and one count of intimidation of a witness were not made "intelligently," or with an understanding of the elements of the charges against him, and a District Court judge therefore erred in denying the defendant's motion to withdraw those pleas and for a new trial, where the signatures of the defendant and his counsel on a "waiver of rights" form, alone or in tandem, were inadequate to establish that the defendant had the requisite degree of knowledge of the elements of the charges against him, and where neither "assault and battery" nor "intimidation of a witness" were so self-explanatory that the defendant could be presumed to understand their elements simply by virtue of their designation. [89-92]

COMPLAINT received and sworn to in the Dedham Division of the District Court Department on June 2, 2000.

Guilty pleas were accepted by *Gerald Alch,* J., and motions for a new trial, filed on January 22, 2002, and to withdraw the pleas, filed on June 24, 2002, were heard by him.

*Graham Koblenzer* for the defendant.

*James A. Reidy,* Assistant District Attorney, for the Commonwealth.

RAPOZA, J. The defendant, Anthony L. Jones, appeals from an order of the District Court denying his motion to withdraw his guilty pleas and for a new trial. He argues that his pleas (to a complaint charging one count of assault and battery and one count of intimidation of a witness) were not made "intelligently," that is, with an understanding of the elements of the charges against him. See *Commonwealth v. Andrews,* 49 Mass.

App. Ct. 201, 203-205 (2000). As the record does not demonstrate otherwise, we must reverse the order.

At the change of plea hearing, the judge, rather than asking the prosecutor to recite the evidence the Commonwealth would have introduced had the case gone to trial, instead asked the defendant, "are you willing to [plead guilty] without having the facts read out in open court?" The defendant responded that he was. From there, the judge proceeded to discuss sentencing ramifications, after which the defendant offered his guilty pleas. The judge made inquiry as to the voluntariness of the pleas, and then announced, "I find a factual basis for the defendant's guilty plea, that he understands the nature of the offenses and that his plea is made intelligently, voluntarily, with knowledge of its consequences. The pleas of guilty are accepted." So concluded the change of plea portion of the hearing.[1]

In order for a defendant to be deemed to have an understanding of the charges against him, "[t]here must be an explanation by the judge or defense counsel of the elements of the crimes charged or an admission by the defendant to the facts constituting those crimes. This requirement can be satisfied in one of several ways: (1) by the judge explaining to the defendant the elements of the crime; (2) by counsel's representation that she has explained to the defendant the elements he admits by his plea; or, (3) by the defendant's stated admission to facts recited during the colloquy which constitute the unexplained elements." *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 717 (1997) (citations omitted).

None of these methods was employed. Rather, the Commonwealth argues that the defendant's signature on a "waiver of rights" form (colloquially known as a "green sheet"), which contains, among other averments, that the defendant is "aware of the nature and elements of the charge or charges to which I am entering my guilty plea or admission," establishes that the plea was intelligently made. The Commonwealth also points to defense counsel's signature on the same form, certifying, "I have explained to the defendant the above-stated provisions of

---

[1]There was some additional discussion pertaining to whether the defendant was in violation of his probation.

law regarding the defendant's waiver of jury trial and other rights."[2]

The signatures of the defendant and his counsel, either alone or in tandem, are inadequate to establish that the defendant had the requisite degree of knowledge. See *Commonwealth* v. *Colon,* 439 Mass. 519, 529 & n.14 (2003) (where the defendant alleged, among other things, that he did not have an understanding of the charges against him, "[t]he fact that the defendant and his lawyer signed a jury waiver form does not cure any of the defects in the plea colloquy"); *Commonwealth* v. *Rodriguez,* 52 Mass. App. Ct. 572, 575 (2001) ("The use of a written form referencing receipt of information, which is required to be given in a colloquy under [Mass.R.Crim.P. 12, 378 Mass. 866 (1979)], is an inadequate substitute for giving the advisement orally").[3] In short, "a written waiver cannot substitute for the oral

[2]On the same form is the signature of the judge who accepted the defendant's plea, attesting, "I have found a factual basis for the charge(s) to which the defendant is pleading guilty or admitting and I have found that the facts related by the prosecution and admitted by the defendant would support a conviction on the charges to which the plea or admission is made."

Although the judge indeed must make such a determination to ensure that a factual basis exists for each element of the offenses charged, see *Commonwealth* v. *DelVerde,* 398 Mass. 288, 297 (1986), the fact that he has done so does not conclude our inquiry as to the state of the defendant's understanding of the elements of the charges against him. This is because while it seems reasonable to suppose that the judge had a police report or some other factual synopsis before him that allowed him to ascertain the basis of the charges, the judge's state of mind is not at issue here; we are concerned with the defendant's awareness of the nature of the charged offenses. As to the second statement to which the judge attested — that "the facts related by the prosecution and admitted by the defendant would support a conviction" — on the record before us, no facts were related by the prosecution, nor were any admitted to by the defendant.

[3]We recognize that the issue in *Commonwealth* v. *Rodriguez,* 52 Mass. App. Ct. at 575, was the defendant's not having been informed of the sentencing consequences of his plea, which Mass.R.Crim.P. 12(c), 378 Mass. 868 (1979), requires be done "on the record, in open court." Thus, reliance upon a written waiver form in those circumstances is explicitly contrary to rule 12. See *Commonwealth* v. *Rodriguez, supra* at 575. The court's explanation of the rationale for the rule is instructive: "The reason for a statute or rule to require a colloquy is to enable the judge to 'determine that the defendant has both received and understood the warnings. . . . During a colloquy, the judge has the opportunity to observe and interact with the defendant and . . . can communicate the warnings to the . . . defendant with greater assurance than can be supplied by the preprinted . . . form.' " *Ibid.,* quoting from *Commonwealth* v.

colloquy." *Commonwealth* v. *Colon, supra* at 529 n.14. Cf. *Commonwealth* v. *DelVerde*, 398 Mass. 288, 300 (1986) ("[T]he judge must interrogate the defendant on the record to ascertain whether the plea and its concommitant waiver of rights are knowing, voluntary, and intelligent. He must also determine whether the defendant's admission, or his admission supplemented by the State's offer of proof, demonstrates 'a strong factual basis' for the plea. *North Carolina* v. *Alford*, 400 U.S. 25 [1970]" [citations omitted]).

Next, the Commonwealth, relying upon *Commonwealth* v. *Wiswall*, 43 Mass. App. Ct. 722, 723 (1997), urges that the elements of the charges were "self-explanatory." But in the *Wiswall* case, the defendant, charged with assault with intent to kill, acknowledged that he had "tried to run [the victim] over." *Ibid.* The only element left unexplained was whether the defendant possessed the "intent to kill." This court held that where the defendant had repeatedly been informed that he was charged with assault with intent to kill, the missing element, i.e., the intent to kill, became self-explanatory. The court noted, "The words 'with intent to kill,' left unadorned, are not vague or ambiguous." *Ibid.* (footnote omitted).

By contrast, in the present case the defendant neither heard nor acknowledged *any* recitation of facts. Thus, for the Commonwealth's argument to succeed, the designation of the offenses would need to supply *all* elements of the crimes charged. This, unlike *Wiswall*, is not a case where the designation of the offenses in question must supply notice of only one missing element. Neither "assault and battery" nor "intimidation of a witness" are so self-explanatory that a defendant can be presumed to understand their elements simply by virtue of their designation. While the phrase "assault and battery" may have entered common parlance, this does not mean that the specific elements of the offense are readily apparent from the phrase itself. This is even more the case with respect to "intimidation of a witness." Compare *Commonwealth* v. *DeCologero*, 49

*Hilaire*, 51 Mass. App. Ct. 818, 823 (2001), *S.C.*, 437 Mass. 809 (2002). Similar reasoning applies to a situation where, as here, a judge must be satisfied the defendant has an understanding of the elements of the charges against him.

Mass. App. Ct. 93, 97 (2000) ("trafficking in cocaine" became self-explanatory where, although defendant did not explicitly admit to prosecutor's lengthy recitation of evidence, defendant listened and subsequently chose to plead guilty, and judge explained that trafficking meant, in essence, "marketing . . . and there were more than twenty-eight grams and less than a hundred" of it). Indeed, this case is closer to *Commonwealth* v. *Pixley*, 48 Mass. App. Ct. 917, 918 (2000), where the prosecutor never read any proposed evidence on the record, the defendant asserted his innocence, and "[u]nlike the defendant in *Wiswall*, [*supra*] . . . there is no indication in the record that Pixley was 'repeatedly' informed of the charge he was pleading [guilty] to or that he had discussed the charges with his counsel . . . . In addition, there is also no affirmative representation in the transcript by Pixley's counsel that he had explained the elements of the charge to Pixley."

In sum, there is no basis on this record to conclude that the defendant's guilty pleas were made with an understanding of the elements of the charges against him, and as a result, the defendant's motion to withdraw his guilty pleas and for a new trial should have been allowed.

*Order denying motion to withdraw guilty pleas and for a new trial reversed.*