COMMONWEALTH *VS.* SAMUEL ARGUETA.

No. 08-P-394.

Suffolk. December 8, 2008. - January 20, 2009.

Present: DUFFLY, DREBEN, & RUBIN, JJ.

*Moot Question. Practice, Criminal,* Sentence, Admission to sufficient facts to warrant finding, Plea. *Joint Enterprise. Intent.*

The criminal defendant's appeal from the denial of his motion for a new trial in a matter that was continued without a finding was not moot, where, in light of genuine and serious collateral consequences attendant upon the continuance without a finding, the defendant had a continuing personal stake in the outcome of this litigation. [565-566]

A District Court judge erred in denying the criminal defendant's motion for a new trial, where the defendant's admission to sufficient facts was not made intelligently and knowingly, in that the prosecutor's recitation of the facts was inadequate to inform the defendant that intent and agreement were essential elements of joint venture liability for the crime charged. [566-569]

This court declined to address the constitutionality of the "tagging" statute, G. L. c. 266, § 126B, where it was not necessary to do so to determine the criminal defendant's appeal. [569-570]

COMPLAINT received and sworn to in the Chelsea Division of the District Court Department on May 19, 2005.

Following a finding of sufficient facts and entry of an order by *Marie O. Jackson,* J., that charges be continued without a finding, a motion for a new trial, filed on November 6, 2007, seeking to withdraw the admission to sufficient facts, was considered by *Timothy H. Gailey,* J.

*James B. Krasnoo* (*Benjamin Falkner* with him) for the defendant.

*Kathleen Celio,* Assistant District Attorney, for the Commonwealth.

RUBIN, J. The defendant, Samuel Argueta, was charged with two counts of malicious destruction of property, in violation of G. L. c. 266, § 127. A District Court judge allowed the Com-

monwealth's motion to amend the complaint to charge the defendant with two counts of "tagging," in violation of G. L. c. 266, § 126B.[1] The defendant sought to admit to sufficient facts, and after a colloquy, the judge found sufficient facts to convict the defendant of tagging. The judge ordered that the charges be continued without a finding for a period of six months. On May 26, 2006, the charges against the defendant were dismissed on recommendation of the probation department.

On November 6, 2007, the defendant filed a motion for new trial. That motion was denied by a second District Court judge. The defendant now brings this appeal, arguing first that his admission was not intelligent and voluntary and second that the tagging statute, G. L. c. 266, § 126B, is unconstitutional.

I.

At the outset, we address the Commonwealth's argument that because the charges against the defendant have been dismissed, the case is moot. It is not. On August 31, 2006, the defendant was charged in a Federal indictment with unrelated offenses; he subsequently pleaded guilty to two of those offenses. Under Federal sentencing law, "a continuance without a finding, entered as a result of an admission to facts sufficient to warrant a finding of guilt under Massachusetts law, is counted as a sentence for purposes of calculating criminal history points in sentencing." *United States* v. *Fraser*, 388 F.3d 371, 374 (1st Cir. 2004) (per curiam), quoting from *United States* v. *Dubovsky*, 279 F.3d 5, 8 (1st Cir. 2002). Here, the criminal history points arising from the defendant's continuance without a finding were used in calculating the defendant's criminal history category under the

---

[1] General Laws c. 266, § 126B, inserted by St. 1994, c. 60, § 174, imposes criminal punishment upon:

> "[w]hoever sprays or applies paint or places a sticker upon a building, wall, fence, sign, tablet, gravestone, monument or other object or thing on a public way or adjoined to it, or in public view, or on private property, such person known or commonly known as 'taggers' and such conduct or activity known or commonly known as 'tagging', or other words or phrases associated to such persons, conduct or activity, and either as an individual or in a group, joins together with said group, with the intent to deface, mar, damage, mark or destroy such property . . . ."

Federal sentencing guidelines. That criminal history category was then used to calculate the imprisonment range under those guidelines. We recognize that the Federal District judge departed downward from the guidelines' sentencing range, but it is nonetheless impossible to determine whether the defendant would have received the same sentence in the absence of criminal history points. The defendant avers (and the Commonwealth does not dispute) that if he is successful in this appeal, he may petition for resentencing within one year of his February 27, 2008, sentencing. In light of the genuine and serious collateral consequences attendant upon the continuance without a finding, the defendant has a continuing personal stake in the outcome of this litigation, and his appeal is not moot. See *Frizado* v. *Frizado*, 420 Mass. 592, 594 & n.2 (1995); *Wooldridge* v. *Hickey*, 45 Mass. App. Ct. 637, 638 (1998). See also *Commonwealth* v. *Villalobos*, 437 Mass. 797, 799-800 (2002).[2] We thus turn to the merits of the appeal.

## II.

An admission to sufficient facts is for present purposes the functional equivalent of a guilty plea and requires a colloquy to determine whether the admission is being made intelligently and voluntarily. See *Commonwealth* v. *Mele*, 20 Mass. App. Ct. 958, 958-959 (1985). In order for a defendant's admission to be

---

[2]Our conclusion is not contrary to *Burns* v. *Commonwealth*, 430 Mass. 444 (1999), on which the Commonwealth relies. The court in *Burns* held that a trial board of the Department of State Police erred in concluding that the defendant former officer's admission to sufficient facts required it to find that he was guilty of a charge of failure to conform his conduct to the law. *Burns* v. *Commonwealth, supra* at 450-452. The underlying criminal case against the defendant had been dismissed, and the court determined that the defendant's challenge to his admission to sufficient facts was moot because he no longer had a personal stake in the outcome of the litigation. *Id.* at 447, citing *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993), which states that this is the test for mootness. The court suggested, however, that if the admission actually did have a collateral consequence, a postdismissal action challenging the admission might not be moot. *Burns* v. *Commonwealth, supra* at 447-448. Although the court suggested that such a case would not be moot because it was capable of repetition, yet evading review, we think the question is more properly viewed as whether there are such genuine and serious collateral consequences that the defendant indeed has "a personal stake in the outcome of th[e] litigation," *Delaney* v. *Commonwealth, supra.*

made intelligently, the defendant must (among other things) have "knowledge of the elements of the charges against him." *Commonwealth* v. *Andrews*, 49 Mass. App. Ct. 201, 203 (2000). The colloquy must demonstrate, therefore, that the defendant has knowledge of those elements. "This requirement can be satisfied in one of several ways: (1) by the judge explaining to the defendant the elements of the crime; (2) by counsel's representation that she has explained to the defendant the elements [of the crime]; or, (3) by the defendant's stated admission to facts recited during the colloquy which constitute the unexplained elements." *Id.* at 204, quoting from *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 717 (1997).

In this case, the first judge did not explain to the defendant the elements of the crime, nor did counsel represent that the elements of the crime had been explained to the defendant. Rather, the prosecutor recited the facts that the Commonwealth would expect to prove if the case were to proceed to trial, and the defendant admitted to them. Specifically, the prosecutor said, "There was an eyewitness who saw a dark male with glasses, a white male [the defendant], and what [the witness] refers to as the painter. [The witness] saw these three people enter the area of Pearl Street to Marlborough Street, not using the stairs but climbing through a fence. They did separate briefly, but when they reunited, the dark male . . . walked up to the middle of Pearl Street, looked up and down nervously. The white male stood near the painter who was a juvenile and looked down Marlborough Street and Grove Street nervously, and meanwhile the painter, again who was a juvenile, painted tags on the side of the building and I believe what is a walkway between the buildings."

This recitation of facts was inadequate to inform the defendant of the elements of the crime. Because it was not alleged that the defendant himself "spray[ed] or appli[ed] paint or plac[ed] a sticker upon" anything, see G. L. c. 266, § 126B, inserted by St. 1994, c. 60, § 174, he only could have been liable as a joint venturer, and the parties agree that this is the theory upon which the Commonwealth was proceeding. Conviction on a joint venture theory requires proof beyond a reasonable doubt "that the defendant was present at the scene of the crime, that he had knowledge that another intended to commit the crime and shared the intent

to commit the crime, and that, by agreement, he was willing and available to help the other if necessary." *Commonwealth* v. *Netto*, 438 Mass. 686, 701 (2003).[3] By contrast, "mere presence coupled with the failure to take affirmative steps to prevent the crime is insufficient, as is simple knowledge that a crime will be committed, even if evidence of such knowledge is supplemented by evidence of subsequent concealment of the completed crime." *Commonwealth* v. *Ortiz*, 424 Mass. 853, 859 (1997). It is undisputed that whatever constitutes the act of "spray[ing] or appl[ying] paint or plac[ing] a sticker" that is actually prohibited by the statute, see *infra* at 569-570 (discussing the defendant's vagueness challenge to the statute), the principal must undertake that activity "with the intent to deface, mar, damage, mark or destroy" the property at issue in order for criminal liability to attach. G. L. c. 266, § 126B. In order to be convicted, the defendant therefore had to share with the painter that mental state.

The facts recited by the Commonwealth did not convey that the defendant shared the principal's intent to commit the crime or that the defendant had reached agreement with the principal to aid in its commission. The recitation of these facts, therefore, did not adequately inform the defendant that intent and agreement are essential elements of joint venture liability for the crime. See, e.g., *Commonwealth* v. *Andrews*, 49 Mass. App. Ct. at 203-205 (plea colloquy inadequate where "[t]he facts as recited were ambiguous as to the defendant's intention in possessing the cocaine").

Nor did the charge of "tagging," or anything else in the colloquy, explain the requisite intent or the agreement essential for the defendant's conviction. In *Commonwealth* v. *Wiswall*, 43 Mass. App. Ct. 722, 723 (1997), a case involving a plea to a charge of assault with intent to kill, the defendant admitted facts that could have supported an inference of the requisite mental state but did not necessarily demonstrate it. We explained that, as here, the recitation of facts was inadequate to inform the defendant of the elements of the crime because "[t]he admitted

---

[3]A second theory of joint venture not at issue here permits a defendant's conviction when he is not present at the scene "so long as the jury [finds] that [he] had actually associated [himself] with the criminal venture and assisted in making it a success." *Commonwealth* v. *Ortiz*, 424 Mass. 853, 858-859 (1997).

facts did not show that the defendant had an intent to kill as matter of law." *Ibid.* In that case, however, the defendant repeatedly was informed that he was pleading guilty to "assault with *intent to kill.*" *Ibid.* We concluded that the element of intent to kill in the charge was self-explanatory and that it sufficed to inform the defendant of that element. *Ibid.* Here there was nothing in the colloquy beyond the recitation of facts to inform the defendant of the elements of the charges against him.[4,5]

### III.

The defendant also argues that the tagging statute is unconstitutionally vague and overbroad under the First and Fourteenth Amendments to the United States Constitution and arts. 16 and 19 of the Massachusetts Declaration of Rights. As a matter of prudence, we should not address the constitutionality of a statute unless it is necessary to do so. See *Ashwander* v. *Tennessee Valley Authy.*, 297 U.S. 288, 345-348 (1936) (Brandeis, J., concurring). It is not necessary to do so here, where the Commonwealth has not yet determined to proceed against the defendant on remand. Should the Commonwealth do so, the defendant will have an opportunity to raise his constitutional claims in a

---

[4]In support of its position that the recitation of facts was sufficient, the Commonwealth cites *Commonwealth* v. *Brannon B.*, 66 Mass. App. Ct. 97, 98 (2006), where a juvenile seeking to withdraw a plea claimed that he merely had admitted to being the third member of a group, one who had stood by when the others committed a robbery. The Commonwealth relies on our statement that "the fact that all three followed the victim, stood by, and then fled provides sufficient circumstantial evidence to support a conviction of the third person as a joint venturer." *Commonwealth* v. *Brannon B.*, *supra* at 99. Our determination that the recitation of facts was sufficient in that case, however, depended upon our conclusion that "[t]he juvenile did more than admit he was the person standing by." *Id.* at 100. He admitted that he had pursued the victim with the other young men, as a result of which the victim was stopped, thus indicating he was an active participant in the commencement of the robbery. *Id.* at 100.

[5]In light of our conclusion that this recitation was inadequate to demonstrate that the defendant's admission was made intelligently, we need not address the defendant's further contention that the recited facts would have been insufficient to support a conviction. See *Commonwealth* v. *Saez*, 21 Mass. App. Ct. 408, 412-413 (1986) (reversing conviction on joint venture theory where, aside from defendant's presence, there was only "evidence of commonplace actions of looking up and down a street, which, alone, are ambiguous and inconclusive in nature"). We also need not address his contention that trial counsel was ineffective.

motion to dismiss, which will permit that court to address them in the first instance.

The order denying the defendant's motion for new trial, seeking to withdraw his admission to sufficient facts, is reversed, and the matter is remanded to the District Court for further proceedings consistent with this opinion. The rescript shall issue forthwith.

*So ordered.*