RICHARD J. BURNS *vs.* COMMONWEALTH
(and a consolidated case[1]).

Suffolk. November 4, 1999. - December 14, 1999.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, SPINA, & COWIN, JJ.

*Practice, Civil,* Moot case. *Moot Question. Evidence,* Prima facie evidence. *Administrative Law,* Evidence, Regulations. *State Police.*

Where criminal charges that had been continued without a finding after an admission to sufficient facts had been dismissed, any defects in the underlying proceeding were moot; consequently, a petition for relief under G. L. c. 211, § 3, seeking a determination of the validity of those proceedings was ordered dismissed. [447-448]

The record of a disciplinary proceeding before the trial board of the Department of State Police demonstrated that the board misunderstood the evidentiary weight of certain prima facie evidence: the matter was remanded for a reconsideration of the evidence in the record, a redetermination of whether the evidence supports each allegation, and a reconsidered recommendation with respect to the appropriate sanctions to be imposed in the circumstances. [449-452]

In a disciplinary proceeding before the trial board of the Department of State Police brought under the 1992 rules and regulations governing members of the State police (before the 1997 amendments), the superintendent of the department was without authority to impose more harsh discipline on a charged member than that recommended by the trial board. [452-453]

CIVIL ACTIONS commenced in the Supreme Judicial Court for the county of Suffolk on February 2, 1999, and March 1, 1999, respectively.

The cases were consolidated and reported by *Greaney,* J.

*Jonathan Shapiro* for Richard J. Burns.

*Linda M. Poulos,* Assistant District Attorney, for the Commonwealth.

*Juliana deHaan Rice,* Assistant Attorney General, for Superintendent of the Department of State Police & others.

*Donald S. Bronstein,* Committee for Public Counsel Services,

---

[1]Richard J. Burns *vs.* Superintendent of the Department of State Police & others.

for Committee for Public Counsel Services, amicus curiae, submitted a brief.

GREANEY, J. These cases were consolidated, and then reserved and reported without decision by a single justice of this court. One case involves a petition under G. L. c. 211, § 3, by Richard J. Burns, a former sergeant in the State police, in which he seeks to vacate an admission to sufficient facts made in response to criminal charges pending against him in the Boston Municipal Court Department. The other case is a petition seeking review by certiorari in connection with disciplinary proceedings instituted by the State police against Burns as a consequence of his conduct that gave rise to the criminal charges and certain conduct by him while the charges were pending. The superintendent of the Department of State police (superintendent), after review of the findings and recommendations of a trial board of the department (trial board),[2] concluded that Burns should forfeit promotion rights, be reduced to the rank of trooper, and be discharged from the State police. The members of the trial board had considered, among other evidence, Burns's admission in the Boston Municipal Court to sufficient facts in deciding two of the three charges placed before them for trial. We conclude that, on his petition under G. L. c. 211, § 3, Burns is not entitled to relief because the case is moot, and we direct that the petition for relief be dismissed. We conclude on Burns's certiorari petition that the decisions of the superintendent and the trial board must be set aside and that Burns is entitled to a redetermination of the specifications underlying Charges I and II, except specification 14, if the State police decide to reconsider the matter.

1. The following provides the background necessary to dispose of Burns's petition under G. L. c. 211, § 3. Burns, an eighteen-year veteran of the State police, became involved in an extramarital relationship with Mary Smith (a pseudonym) in 1994. The relationship became acrimonious and eventually terminated in 1995. Smith sought and obtained criminal complaints in the Boston Municipal Court against Burns on multiple charges of assault and battery, threats to commit assault and battery, assault by means of a dangerous weapon, and violation of an abuse prevention order. On December 29, 1995, Burns appeared in the Boston Municipal Court for a hearing on

---

[2]The three members of the trial board are the other defendants in the certiorari action.

an alleged violation of the protective order Smith had obtained against him after she saw him driving by her house in a red pick-up truck. At this hearing, Burns's bail was revoked and he was incarcerated in the Suffolk County jail.

On January 10, 1996, Burns, represented by counsel, appeared before a judge in the Boston Municipal Court and tendered an admission to sufficient facts as to all the criminal charges in exchange for an agreed on disposition of a continuance without a finding. The judge conducted a colloquy with Burns, heard a victim impact statement from Smith, and accepted Burns's admission to sufficient facts with respect to all the criminal charges. The cases were continued for three years (until January 6, 1999), without a finding on Burns's compliance with agreed on terms and conditions.[3] Successful compliance would result in dismissal of all charges. In the alternative, the judge determined that, if Burns violated any of the terms and conditions of the continuance, guilty findings would enter on the charges, and he would be sentenced to two and one-half years in a house of correction.

Subsequently, Burns, represented by new counsel, filed a motion under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), seeking to withdraw his admission to sufficient facts. After a hearing, the judge who accepted the admission denied the motion, Burns took an appeal, and the Appeals Court affirmed the denial of the motion in an order pursuant to that court's rule 1:28, on the ground that "[t]he finding of sufficient facts is not an appealable order." See *Commonwealth* v. *Burns*, 46 Mass. App. Ct. 1105 (1998). We denied Burns's application for further appellate review. *Commonwealth* v. *Burns*, 429 Mass. 1102 (1999). In the meantime, Burns's three-year probationary period ended, and the charges against him were dismissed in accordance with the agreed on disposition. On March 1, 1999, Burns filed his petition pursuant to G. L. c. 211, § 3, in which he sought to set aside, or alternatively, to have further proceedings with respect to, his admission to sufficient facts.

Burns sought extraordinary relief under G. L. c. 211, § 3, because he deemed his admission to sufficient facts to be so legally defective as to require its nullification and his efforts to obtain relief through the ordinary appellate process had been

---

[3]Burns was ordered not to have any contact with Smith or her family, to stay away from Smith's home for a three-mile radius, to attend a certified batterers' program, and to pay restitution and a victim-witness assessment fee.

rejected. Burns's admission to sufficient facts in the Boston Municipal Court appears to have been made pursuant to G. L. c. 278, § 18, which authorizes a judge to accept such an admission and then to continue the case to a specific date with the defendant placed on probation and ordered to comply with enumerated terms and conditions. If the defendant satisfactorily completes the probation period, the charges are dismissed. See *Commonwealth* v. *Pyles*, 423 Mass. 717, 720-723 (1996).

We need not decide whether the proceedings were legally invalid as Burns claims.[4] We also need not decide whether extraordinary relief under G. L. c. 211, § 3, may be available where a defendant has been unsuccessful in attempting, by a rule 30 (b) motion, to set aside an admission to sufficient facts that has not resulted in a conviction. See generally *Fire Chief of E. Bridgewater* v. *Plymouth County Retirement Bd.*, 47 Mass. App. Ct. 66, 71 (1999); *Commonwealth* v. *Jackson*, 45 Mass. App. Ct. 666, 670 (1998); *Commonwealth* v. *Walsh*, 43 Mass. App. Ct. 924 (1997). By the time Burns filed his petition under G. L. c. 211, § 3, the criminal charges against him had been dismissed. This, in effect, rendered moot any defects in the underlying proceedings. See *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993). See also *Matter of Rudnicki*, 421 Mass. 1006, 1007 (1995). Because we next conclude that those portions of the trial board's decision which were influenced by Burns's admission to sufficient facts must be set aside, and further conclude that Burns's admission will have no special evidentiary weight in connection with any reconsideration of

---

[4]Burns points out that, although he acknowledged that the Commonwealth had sufficient evidence to support convictions, he disagreed on the record with the truth of the Commonwealth's evidence. The judge accepting the admission did so after recognizing that "considerable dispute exists between [the defendant] and the Commonwealth regarding the truth of this matter." The required colloquy in connection with the admission, see *Commonwealth* v. *Duquette*, 386 Mass. 834, 845-846 (1982), was deficient. The judge failed to advise Burns that, in admitting to sufficient facts, he was waiving his privilege against self-incrimination. A similar oversight, in a case in which the defendant equivocated over his admission, was found fatal to the validity of the admission in *Commonwealth* v. *Lewis*, 399 Mass. 761, 763-764 (1987). Burns argues that his admission contains the same equivocation and must be held invalid under the reasoning in the *Lewis* case. Cf. *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 663-664 (1989); *Commonwealth* v. *Dozier*, 24 Mass. App. Ct. 961, 961-962 (1987), where the self-incrimination right was not explained, but the pleas were upheld based on defendant's understanding of, and familiarity with, criminal proceedings.

the disciplinary charges, this is not an appropriate occasion for general discussion of the availability of G. L. c. 211, § 3, relief to a case like Burns's on the basis that his situation may be repeated, but is one that may evade review. The petition for relief under G. L. c. 211, § 3, will be dismissed.[5]

2. The following is the background necessary to understand the certiorari petition. Burns's alleged conduct that led to the criminal complaints and his admission to sufficient facts, and other conduct by him while the complaints were pending, became the basis for the convening of a trial board of the department pursuant to G. L. c. 22C, § 13,[6] to hear and decide three charges against him. Charge I asserted that Burns had failed to conform his conduct to the law in violation of art. 5.4 of the 1992 rules and regulations governing members of the State police (rules and regulations).[7] The charge was accompanied by fourteen specifications. Charge II asserted that Burns had violated art. 5.2 of the rules and regulations by engaging in conduct unbecoming a member of the State police. This charge was also supported by fourteen specifications that had the same factual underpinnings as the specifications in Charge I. Charge III accused Burns of violating art. 5.24.1 of the rules and regulations by attempting to interfere with the pending proceedings in the Boston Municipal Court. This charge was accompanied by two specifications.

The trial board held an evidentiary hearing on the three charges. Burns admitted to the third charge (and its two specifications), and to specification 14 of Charges I and II, which asserted that he had violated an abuse prevention order. Burns contested the remaining specifications underlying Charges I and II. The trial board made written "Findings and Recom-

---

[5]There is also another reason why Burns's criminal case is moot. As we discuss later in this opinion, the superintendent did not have the authority to increase the trial board's recommendation from a suspension (until January 6, 1999), to a discharge from the State police. Accordingly, Burns has already served his suspension and is no longer adversely affected by this part of the board's decision or the superintendent's action.

[6]The board consisted of three members of the State police, one member designated as president and one designated as secretary. The board appears analogous to a military court martial board.

[7]As will be discussed later in this opinion, these 1992 rules and regulations were subsequently revised in March, 1997. Unless otherwise indicated, all references herein to the rules and regulations, and any articles contained therein, will be to those in effect prior to 1997.

mendations'' and unanimously concluded that Burns was
"guilty" on all three charges and their specifications. The board
recommended that Burns's existing suspension be continued
until January 6, 1999,[8] and that he thereafter be reduced in rank
and transferred from his current assignment. The board's deci-
sion then made its way, in keeping with department procedure,
to the superintendent for review and approval of the board's
recommendation as to Burns's discipline. The superintendent
rejected the board's recommendation, imposing instead
discipline consisting of Burns's forfeiture of promotion rights,
his reduction in rank to trooper, and his termination by dishonor-
able discharge from the State police.

Burns filed a petition for review in the District Court, pursu-
ant to G. L. c. 22C, § 13, as to all the matters on which he had
been convicted (except for the specifications to which he had
admitted). A judge in the District Court reviewed the administra-
tive record, concluded that "the finding[] and punishment is-
sued by the [d]epartment of State [p]olice was justified," and
affirmed the department's action. Burns then filed his petition
for review by certiorari with the single justice.[9] Burns argues
that the decision of the trial board must be set aside. We agree.

General Laws c. 22C, § 13, requires the reviewing court to
ascertain whether "upon all the evidence [the findings of the
trial board] and [the] punishment [imposed] was justified."
Under this test, our duty on review is to examine for errors of
law, see *Commissioner of Pub. Safety* v. *Treadway*, 368 Mass.
155, 159 (1975), a task equivalent to the standard of review
imposed by G. L. c. 30A, § 14, with regard to decisions of
administrative agencies.

There is no question that an error of law exists. The trial
board's decision on the contested charges and specifications
contains considerable language and findings that favor Burns,
and tend, explicitly or impliedly, to determine that the contested

---

[8]This date appears to have been intended to coincide with the date of
dismissal of the charges in the Boston Municipal Court that were continued
without a finding under Burns's admission.

[9]The petition for review by certiorari was filed pursuant to G. L. c. 249,
§ 4, in view of the provision in G. L. c. 22C, § 13, that the decision of a
District Court on a petition for review thereunder is "final and conclusive."
Cf. *Curley* v. *Lynn*, 408 Mass. 39, 41 (1990); *Commissioner of Pub. Safety* v.
*Treadway*, 368 Mass. 155, 158 & n.3 (1975).

charges were not proved.[10] Nevertheless, its decision indicates that the board felt compelled to find Burns guilty on all the contested charges because of his admission to sufficient facts in the Boston Municipal Court to criminal complaints that constituted the gravamen of the charges before the board. It clearly appears that the board felt so compelled because of art. 5.4.2 of the rules and regulations, which provides, with reference to the requirement that a member of the State police conform his conduct to the law, that "[a] finding of responsible, continuance without a finding, or conviction due to alleged violation(s) of any law shall be prima facie evidence of a violation of this section." We are satisfied that, in applying the latter standard, the board misunderstood the effect of prima facie evidence and believed that the record of Burns's admission to sufficient facts and the resulting continuance without a finding required his adjudication of guilt on the contested charges, notwithstanding the existence of evidence that would have warranted findings to the contrary.[11]

Prima facie evidence is evidence that, until its effect is overcome by other evidence, compels the conclusion that the

---

[10]For instance, the board stated that "[a]lthough Sergeant Richard J. Burns admitted to sufficient facts in Boston Municipal Court concerning complaints lodged by [the complainant] the Board finds there is serious doubt as to whether these crimes were committed by Sergeant Burns. The complainant in this matter never testified before the Board. There was sufficient testimony and evidence presented by Sergeant Burns and his counsel to leave serious doubt in the minds of the Board as to what actions took place between Sergeant Burns and [the complainant]." Moreover, the board found it "plausible" that Burns did not believe he was admitting to guilt when he admitted to sufficient facts, and that he did so to avoid returning to the jail where he claimed his safety was in jeopardy. The board also commented on the absence of any medical, physical or testimonial evidence corroborating the complainant's allegations that Burns had assaulted her. Finally, the board took note of the coincidental timing between the complainant's allegations and when Burns broke off their romantic relationship.

[11]Our conclusion that the board misunderstood the evidentiary weight to be given prima facie evidence is confirmed by statements made by board members in the course of the trial. For example, the secretary admitted to being confused as to why Burns's case had to be tried before the board at all "where [the board member could] go by court documents that said that on such and such a date back in 1995, Sergeant Burns stood in the Boston Municipal Court represented by counsel and admitted to sufficient facts on these matters." The president of the board commented that "[the board] can't countermand a decision of the court if [Burns pleaded] admission to sufficient facts for an assault and battery dangerous weapon, [the board] can't disregard that under the charge that says he's violated a statute law."

evidence is true. *Ford Motor Co.* v. *Barrett*, 403 Mass. 240, 243 (1988). When evidence is introduced that contradicts the prima facie evidence, however, the prima facie evidence loses its artificial force and a factual issue arises. See *Cheek* v. *Econo-Car Rental Sys. of Boston, Inc.*, 393 Mass. 660, 663 (1985); *Tuttle* v. *McGeeney*, 344 Mass. 200, 206 (1962); *Salter* v. *Leventhal*, 337 Mass. 679, 696-697 (1958). In these circumstances, the prima facie evidence is no more significant than any other evidence, but must be weighed equally with all other evidence to determine whether a particular fact has been proved. *Id.* Furthermore, the burden of persuasion always remains on the party who must prove the point, even though the party is aided by prima facie evidence. See *Commonwealth* v. *Pauley*, 368 Mass. 286, 290 (1975); *Salter* v. *Leventhal, supra* at 697.

The error by the trial board permeates all its findings with respect to the contested specifications in Charges I and II. The matters admitted to by Burns (the two specifications of Charge III and specification 14 in Charges I and II) may not be sufficient in and of themselves to sustain the board's decision.[12] Accordingly, the entire decision of the trial board on Charges I and II must be set aside.[13]

The case must be remanded to the superintendent, who is to return it to the same trial board for a new decision based on the trial record.[14] Because there was substantial evidence to support specification 14 on Charges I and II, and both specifications on

---

[12]The superintendent argues that, even without Burns's admission to sufficient facts, the board's action on all three charges can be independently upheld based solely on the specifications to which Burns admitted before the board. However, the board's decision gives no indication of how much weight it placed on each charge and specification when concluding he was guilty and formulating the recommended discipline. We shall not substitute our judgment and supply a reasoned basis for the board's action that the board itself has not supplied. See *Costello* v. *Department of Pub. Utils.*, 391 Mass. 527, 535-536 (1984). It is conceivable that the board's recommendation may have been more lenient in the absence of the potentially cumulative effect of the guilty findings on all thirty specifications.

[13]The superintendent argues that the board's acknowledgment that Burns's presentation during the trial raised serious doubt as to whether he committed the charged offenses was simply an indication that the board considered Burns's evidence, but ultimately still found it insufficient to overcome the prima facie case created by his admission to sufficient facts. This argument is unpersuasive in view of the strong language of the board's decision.

[14]If one or more of the members of the original trial board are unavailable, the superintendent may substitute a new member in accordance with the selection process provided in art. 6.6 of the 1992 rules and regulations.

Charge III, these allegations are to be considered proved. With respect to the remaining charges and specifications, in reevaluating the evidence, the trial board (among any other considerations deemed relevant) is to keep in mind (a) Burns's admission to sufficient facts in the Boston Municipal Court has relevance only to Charge I, alleging failure to conform conduct to the law[15]; and (b) because Burns presented evidence to contradict the evidence before the board of wrongdoing on the contested charges, his admission to sufficient facts has no prima facie effect, and the board is to give it whatever weight it deserves in light of the transcript of the admission and Burns's contentions regarding the admission's validity.[16]

3. Finally, Burns contends that the superintendent lacked the authority under the rules and regulations to impose a more severe sanction than that recommended by the trial board. It is necessary to decide the issue since the question of the superintendent's authority may become relevant when the trial board makes its new decision after remand.

The rules and regulations were revised on March 19, 1997. The revised rules and regulations superseded all previous rules and regulations and, by their terms, applied only to causes of actions arising after March 19, 1997. Article 6.9.7 of the revised

---

[15]The trial board erroneously applied art. 5.4.2 of the regulations regarding prima facie evidence to both Charges I and II. However, it is clear from the express language of the rules and regulations that this article only applies to Charge I, alleging Burns's failure to conform his conduct to the law. In the event of reconsideration by the board, the fact that Burns admitted to sufficient facts and his case was continued without a finding is not to be considered prima facie evidence on Charge II, alleging that he engaged in unbecoming conduct.

[16]In some contexts, an admission to sufficient facts in a criminal proceeding is insufficient evidence, standing alone, of proof of charges. See *Santos v. Director of the Div. of Employment Sec.*, 398 Mass. 471, 473 (1986); *Wardell v. Director of the Div. of Employment Sec.*, 397 Mass. 433, 436-437 (1986). Whether this is true in other contexts, however, is largely dependent on the specific language used in the statute or regulation that sets the standard for determining whether certain action is warranted. For instance, although the superintendent relies on *Director of the Div. of Employment Sec. v. Mattapoisett*, 392 Mass. 858, 863 (1984), in claiming that "[t]he standard for dismissal is 'substantially less rigorous' than that for denying unemployment compensation," that case was comparing the language of two different statutes that are not relevant to the current action. How "rigorous" the standard may be for Burns's dismissal, and what evidence is sufficient to satisfy that standard, must be determined by the applicable rules and regulations governing his conduct.

rules and regulations expressly authorizes the superintendent to "impose discipline which departs from the Trial Board's recommendations if facts, circumstances, evidence, aggravating or mitigating factors, or any other matters so dictate." The superintendent argues that this new language simply reinforces or clarifies that he had the authority under the former rules and regulations to increase a board's recommended discipline because, "[w]hile the words may have changed in the 1997 Rules & Regulations, the meaning did not."

We have reviewed the two sets of rules and regulations and conclude that they differ in essential fundamentals. The revised rules materially alter some of the authority vested in the parties, as well as the substantive rights afforded the accused. The 1992 rules and regulations do not expressly or implicitly confer on the superintendent the authority to impose harsher discipline on a charged member than that recommended by the trial board. Accordingly, the superintendent lacked authority to increase the trial board's recommendation for discipline.

4. On Burns's petition under G. L. c. 211, § 3, the case is remanded to the county court for entry of a judgment dismissing the petition for relief.

On Burns's petition for review by certiorari, the case is remanded to the county court for entry of a judgment vacating the decisions of the superintendent and the trial board and remanding the matter to the superintendent for further proceedings consistent with this opinion.

*So ordered.*