## COMMONWEALTH *vs.* GABRIEL ESTRADA.

No. 06-P-1328.

Suffolk. May 14, 2007. - July 3, 2007.

Present: GRASSO, BERRY, & COHEN, JJ.

*Practice, Criminal,* Admission to sufficient facts to warrant finding, Voluntariness of statement, Assistance of counsel. *Evidence,* Admitted fact, Voluntariness of statement.

This court declined to resolve a mootness issue that the Commonwealth raised on appeal from a criminal defendant's successful motion to vacate his admissions to sufficient facts, where the extent of adverse collateral consequences to the defendant of his admissions (in respect to his potential deportation) was unclear, and where it was clear that the judge had erred in vacating the defendant's intelligent and voluntary admissions. [516-517]

The District Court judge erred in granting a criminal defendant's motion to vacate his admissions to sufficient facts based on the failure to make inquiry during the colloquy whether the defendant was under the influence of alcohol, drugs or medication at the time of the admissions, where the defendant failed to present a credible reason to vacate his admissions due to substance-induced incompetence. [517-519]

On a criminal defendant's motion to vacate his admissions to sufficient facts, the contemporaneous record supported the District Court judge's conclusion that the defendant's admissions were intelligent and voluntary, and the judge was free to reject as self-serving the defendant's subsequent assertions of involuntariness. [519-521]

This court remanded an appeal from a criminal defendant's motion to vacate his admissions to sufficient facts for resolution of the defendant's ineffective assistance of counsel claim arising from counsel's failure to explain the impeachment possibilities that arose from two police reports that mentioned the victim's identifications of the perpetrators. [521-522]

COMPLAINTS received and sworn to in the Chelsea Division of the District Court Department on March 18, 2003, and March 24, 2003, respectively.

A motion to vacate admission to sufficient facts, filed on July 14, 2006, was heard by *Diane E. Moriarty,* J.

*Christina E. Miller,* Assistant District Attorney, for the Commonwealth.

*Ryan M. Schiff* for the defendant.

GRASSO, J. Before us are cross appeals arising from a District Court judge's ruling on the defendant's motion for new trial and to vacate his admissions to sufficient facts. The Commonwealth appeals from the judge's order vacating the defendant's admissions for failure to inquire during the colloquy "if he had any drugs or alcohol in his system." The defendant appeals from the judge's ruling that his admissions were intelligent and voluntary, and from the judge's failure to rule on his claim of ineffective assistance of counsel.

We conclude that the judge erred in vacating the admissions because of the failure to make inquiry whether the defendant was under the influence of alcohol, drugs or medication. We also conclude that the defendant's admissions were intelligent and voluntary. Because the judge did not rule on the ineffective assistance of counsel claim, and that claim should be resolved in the trial court in the first instance, we remand for consideration of that claim.

1. *Background.* On September 3, 2003, the defendant admitted to sufficient facts in the District Court on charges of assault, intimidation of a witness, and malicious destruction of property.[1] The Commonwealth and the defendant jointly recommended that the matters be continued without a finding, to be dismissed thereafter.[2] The recommendations differed only as to the appropriate continuance period; the Commonwealth recommended two years, and the defendant one year.

After a colloquy that included a factual recitation from the prosecutor, the judge concluded that sufficient facts existed to warrant a finding of guilt. She accepted the defendant's dispositional recommendation and continued the matters without a finding for one year. The judge properly advised the defendant of all three consequences of the alien warning. See G. L. c. 278, § 29D. See also G. L. c. 278, § 18, added by St. 1992, c. 379, § 193 (admission to sufficient facts "shall be deemed a tender

---

[1]The defendant tendered his admissions along with three codefendants, including his brother Jaime Estrada.

[2]At the time of his admission, the defendant was an eighteen year old high school student with no prior criminal record who had been in the United States fewer than five years. He came to the United States from El Salvador at age thirteen with his brother to join their parents who were already living in Massachusetts.

of a plea of guilty for purposes of procedures set forth in this section"); *Commonwealth* v. *Villalobos*, 437 Mass. 797, 800-801 (2002) (admission to sufficient facts is equivalent to plea of guilty for purposes of G. L. c. 278, § 29D). Thereafter, the defendant completed his probation supervision without event, and on September 3, 2004, all charges against him were dismissed without findings of guilt ever having entered.

On July 14, 2006, concerned over Federal immigration consequences and encouraged by the judge's allowance of a motion to vacate his brother Jaime Estrada's admissions to similar charges, the defendant moved to vacate his admissions.[3] He asserted that his admissions were constitutionally inadequate because (1) the judge failed to inquire whether he was under the influence of any alcohol, drugs or medications; (2) his admissions were not intelligent and voluntary; and (3) his prior attorney rendered ineffective assistance of counsel by failing to discuss the possibility of impeaching the Commonwealth's only witness to the malicious destruction of property and witness intimidation offenses.

On August 15, 2006, without hearing from the Commonwealth, the judge allowed the defendant's motion "based on not asking [the defendant] if he had any drugs or alcohol in his system, not because he did not plea [*sic*] to the charge knowingly, willingly and voluntarily." The judge expressly rejected the defendant's alternate contention, that his admissions were not intelligent and voluntary, and the judge did not rule on his claim of ineffective assistance of counsel.

2. *Discussion.* That Federal immigration law may work an unfortunate and harsh result is not a basis for vacating admissions or convictions that are otherwise lawful in all respects. See *Commonwealth* v. *Villalobos*, 52 Mass. App. Ct. 903, 904-905 (2001); *S.C.*, 437 Mass. at 803-804 ("[d]ifficulties such as those presented here will continue to arise so long as the immigration warnings required by our State statute do not encompass changes in Federal immigration law"). We discern

---

[3]In a memorandum and order of this date pursuant to our rule 1:28, we also reverse the judge's order vacating Jaime's admissions because of the failure to inquire whether he was under the influence of alcohol, drugs or medication. *Commonwealth* v. *Estrada, post* 1110 (2007).

no lawful basis for the judge's vacating the admissions taken here.

a. *Mootness.* Relying on *Burns* v. *Commonwealth,* 430 Mass. 444, 446-447 (1999), the Commonwealth contends that the judge lacked the authority to vacate the defendant's admissions because guilty findings never entered and the matters were dismissed before the defendant moved to vacate the admissions. The dismissal of the charges "rendered moot any defects in the underlying proceedings." *Id.* at 447. See *Commonwealth* v. *Villalobos,* 437 Mass. at 802 (admission to sufficient facts followed by continuance without finding is not conviction).[4] The defendant argues that the Commonwealth waived its mootness claim by failing to assert it below; he points, as well, to dictum in *Keane* v. *Commonwealth,* 439 Mass. 1002, 1002 (2003), that "collateral consequences [] may give him a continuing personal stake in the outcome [] despite the dismissal of the underlying complaint."

Where the extent of the adverse collateral consequences to the defendant is unclear,[5] and it is clear that the defendant's admissions were intelligent and voluntary and that the judge erred in vacating the admissions, we decline to resolve the mootness issue.

b. *Colloquy regarding alcohol, drugs or medications.* A judge has an obligation not to accept an admission or plea from a defendant who lacks the capacity to make such a tender. See *Commonwealth* v. *Robbins,* 431 Mass. 442, 445 (2000) (test of competence to plead guilty similar to that for standing trial). Likewise, defense counsel and the prosecutor have an obligation to alert the judge to any impediments to the defendant's ability to enter an admission or plea intelligently and voluntarily.

---

[4]The Commonwealth concedes that had the defendant attacked the colloquy because of an alleged defect in the immigration warnings, his claim would not be moot. Unlike Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001), which requires a conviction for institution of a new trial motion, G. L. c. 278, § 29D, authorizes institution of a motion to withdraw a plea or admission at any time upon a showing that the plea or admission has one of the enumerated immigration consequences.

[5]The defendant's affidavit states: "An immigration lawyer has told me that I could be deported at any time because of these cases. They have also kept me from being able to renew my immigration papers that let me live and work here."

See *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 502 (1985). However, a judge's failure to inquire whether a defendant is under the influence of alcohol, drugs or medication at the time of an admission or plea, standing alone, does not warrant vacating the admission or plea. Such questioning is not required by rule. See Mass.R.Crim.P. 12(c), as amended, 399 Mass. 1215 (1987). Nor is it essential to establishing the intelligence or voluntariness of an admission or plea.[6]

Absent some indication that the defendant's judgment is impaired by alcohol, drugs or medication at the time of his admission or plea, particular questions from the judge probing that possibility, while helpful, are not essential to establishing the intelligence and voluntariness of the admission or plea.[7] Much more probative are the judge's observations of the defendant during the colloquy, particularly the defendant's interactions with his attorney and the judge and the manner in which the defendant follows and responds to questions posed. Ordinarily, the judge may infer from these observations the defendant's understanding and competence to enter an admission or plea.

Here, the defendant has never claimed, in his affidavit or elsewhere, that he was under the influence of any substance during the colloquy. Contrast *Commonwealth* v. *Gonzalez*, 43 Mass. App. Ct. 926, 926 (1997). Moreover, the transcript of the colloquy reflects that the defendant was competent to tender his admissions freely and understandingly, unimpaired by alcohol, drugs or medication. The defendant answered all questions rationally and appropriately. He signified his understanding of

---

[6]We do not suggest that questioning a defendant regarding his consumption of alcohol, drugs or medication, or mental impairments has no role in determining the intelligence and voluntariness of his admission or plea. Such questioning is good practice and can facilitate that determination. We emphasize, however, that "inquiries directed to such a conclusion should not be 'discharged as a mere matter of rote.' " *Commonwealth* v. *Schofield*, 391 Mass. 772, 775 (1984), quoting from *Ciummei* v. *Commonwealth*, 378 Mass. 504, 510 (1979). See *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 502 (mechanically following model unwise, and could interfere with probing exchange).

[7]The mere fact that the defendant "had any drugs or alcohol in his system" does not render the defendant incompetent or his plea involuntary. What is important is whether the defendant's understanding is so impaired by alcohol, drugs or medication as to render him incapable of rational judgment. See *Ciummei* v. *Commonwealth*, 378 Mass. at 509-510.

the right to trial by jury and that he was giving up his right to trial, his privilege against self-incrimination, his right to confront and cross-examine witnesses, and his right to present evidence. He admitted that the prosecutor's factual recitation was true, and acknowledged that no one forced him to admit to the charges.

In such circumstances, the defendant failed to present a credible reason to vacate his admissions because of incompetence due to consumption of alcohol, drugs or medication, and the judge erred in ruling otherwise. See *Commonwealth* v. *Fanelli*, 412 Mass. 497, 504 (1992).

c. *Intelligence and voluntariness of the admissions.* The judge was correct in concluding that the defendant's admissions were intelligent and voluntary. "A defendant's plea is intelligent when made with understanding of the nature of the charges (understanding of the law in relation to the facts) and the consequences of his plea (the legal consequences and constitutional rights he forgoes by pleading guilty rather than proceeding to trial); it is voluntary when free from coercion, duress, or improper inducements." *Commonwealth* v. *Hiskin*, 68 Mass. App. Ct. 633, 638 (2007).

Even beyond the inadequacy of the defendant's factual showing, the contemporaneous record establishes the intelligence and voluntariness of his admissions. The prosecutor's extended factual recitation related that the defendant, acting together with his brother Jaime, and with Jose Melendez and David Flores, committed the crimes charged. On March 17, 2003, a group of eight individuals, including the four codefendants, showed up at the victim's house and began throwing beer bottles. When the occupants came out to see what was going on, Melendez went behind one of them with a beer bottle as if to hit him in the head, and Jaime brandished a weapon, possibly a machete.[8] On March 22, 2003, approximately four days after the defendants were arraigned on the assault charges, the victim, Ernesto Muniz, heard his car alarm and looked out the window. He saw "these four defendants" smashing all the windows in his car

---

[8]In light of the fact that neither the defendant nor David Flores was identified as having weapons, the prosecutor reduced the charge against them to simple assault.

with bottles. Some time after the defendants were arraigned on the witness intimidation and malicious destruction of property charges, they appeared at the victim's door to apologize and to offer to pay for the damage.

Subsequently, in response to the judge's specific questions, each of the codefendants (including the defendant) acknowledged that he had heard the prosecutor's factual recitation and that the facts recited by the prosecutor were true. Likewise, in response to the judge's question, the defendant acknowledged that no one forced him to admit to the charges; that he did so freely, willingly, and voluntarily; that he understood that he was giving up all the rights of which the judge had advised him; and that he had an opportunity to discuss the matter with his attorney and was satisfied with his attorney's advice and recommendations. By his admission to the facts recited, the defendant admitted to facts constituting the unexplained elements and thereby established the intelligence of his admissions. See *Commonwealth* v. *Sherman*, 68 Mass. App. Ct. 797, 799, 802-803 (2007).

We reject the contention that the prosecutor's recitation was insufficient because it did not make specific reference to the defendant by name. The recitation made plain that the four individuals before the court, *including the defendant*, were part of a larger group that threw beer bottles at the house and then assaulted the emerging occupants. In making his admissions, the defendant could not have misunderstood that he was one of the individuals referenced in the prosecutor's factual recitation.

Likewise, nothing in the record of the proceeding or the extraneous materials submitted by the defendant required the judge to credit the defendant's assertions that his admissions were not voluntary. See *Commonwealth* v. *Hiskin*, 68 Mass. App. Ct. at 641. The judge was free to reject as self-serving and contradictive of previous professions during the colloquy the newly advanced assertion that he did not commit the crimes charged and admitted guilt only because his attorney painted a picture that offered him no other choice.[9] See *id.* at 640-641. Absent a credible showing that the admissions were the product

---

[9]The defendant's challenge to the intelligence and voluntariness of his admissions does not rest entirely on the contemporaneous record. See *Com-*

of coercion or threats, the judge could properly infer voluntariness from the defendant's responses to the questions posed and the favorable consequences of his plea. See *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 719 (1997).

d. *Ineffective assistance of counsel.* A defendant is entitled to competent counsel in connection with a plea or admission. See *Commonwealth* v. *Berrios*, 447 Mass. 701, 708 (2006). Although the judge expressly rejected the claim that the defendant's admissions were not intelligent and voluntary, she did not address whether defense counsel provided ineffective assistance by failing to explain the impeachment possibilities arising from two police reports that mention the victim's identifications of the perpetrators.[10] In general, the failure to impeach a witness does not prejudice the defendant or constitute ineffective assistance of counsel.[11] See *Commonwealth* v. *Bart B.*, 424 Mass. 911, 916 (1997); *Commonwealth* v. *Hudson*, 446 Mass. 709,

---

monwealth v. *Hiskin*, 68 Mass. App. Ct. at 638. His affidavit asserts that he did not do the acts alleged and wanted to fight the charges, but that his attorney made him feel that he had no other choice than to admit to sufficient facts because all the evidence pointed to his guilt.

[10]In support of his ineffective assistance of counsel claim, the defendant's affidavit recites that his attorney never explained the possibility of impeaching the victim's testimony based on a discrepancy in two police reports regarding whether the victim said that he could identify the perpetrators in the incident involving the vehicle. The first report recites that the victim had been unable to identify the perpetrators; the other states that the victim identified them and had made clear to the officer who took the first report that he could identify those individuals.

The affidavit of the defendant's former attorney relates that, with the services of an interpreter, she discussed the police reports; the facts and circumstances of the charges; the victim's identification of the defendant and his three codefendants during a nonsuggestive in-court identification; and trial strategy. The affidavit disclaims a specific recollection of discussing the discrepancy between the reports and the cross-examination possibilities that these offered.

[11]We note that unless adopted by the victim, the police reports in question are not statements of the victim so much as they are memorializations of the victim's encounter with the reporting officers. As such, their use for impeachment has inherent limitations and would require calling the police officer who authored the first report to impeach the victim extrinsically. See *Commonwealth* v. *Pina*, 430 Mass. 66, 74-77 (1999). In view of the statement attributed to the victim in the second report, it is obvious that the apparent inconsistency in the reports may owe as much to deficiencies in the reporter's memorialization of the victim's statements as to inconsistencies in the victim's statements regarding his ability to identify the perpetrators.

715 (2006). Here, however, the narrower question is whether in tendering his admissions the defendant was deprived of the advice of competent counsel. See *Commonwealth* v. *Hiskin*, 68 Mass. App. Ct. at 641 (considered advice of competent counsel does not render admission involuntary). In such posture, the case does not fit neatly within the narrow exception to the general principle that a claim of ineffective assistance of counsel should be resolved in the trial court in the first instance. See *Commonwealth* v. *Zinser*, 446 Mass. 807, 810-811 (2006). Accordingly, we remand for resolution of the defendant's ineffective assistance of counsel claim. On remand, the judge may decide that claim based solely on her review of the motion and accompanying submissions, or, in the exercise of her discretion, she may hold an evidentiary hearing should the adequacy of the defendant's factual showing of ineffectiveness so warrant. See *Commonwealth* v. *DeVincent*, 421 Mass. 64, 67-68 (1995); *Commonwealth* v. *Denis*, 442 Mass. 617, 628 (2004).

The portion of the order allowing the defendant's motion to vacate his admissions is reversed; and the portion of the order denying the defendant's motion on grounds of intelligence and voluntariness is affirmed. The case is remanded to the trial court for consideration of the defendant's claim of ineffective assistance of counsel.

*So ordered.*