## Commonwealth *vs.* Maureen Hunt.

No. 08-P-617.

Middlesex. November 10, 2008. - January 30, 2009.

Present: Lenk, Meade, & Fecteau, JJ.

*Practice, Criminal,* Plea, Judicial discretion, Defendant's competency. *Constitutional Law,* Plea. *Evidence,* Guilty plea, Competency. *Assault and Battery.*

A trial court judge erred in denying a criminal defendant's motion for a new trial, brought by the defendant in an attempt to withdraw her guilty plea, where the record, although demonstrating that the defendant had made the plea voluntarily (despite the unavailability of medication for her mental health issues) [619-621], failed to provide a basis for concluding that the defendant's plea was intelligent, as it was made in the absence of any explanation by the judge of the elements of the crime [621-622].

Complaint received and sworn to in the Lowell Division of the District Court Department on October 10, 2006.

Following a plea of guilty and a proceeding for revocation of probation, a motion for a new trial to withdraw the plea of guilty, filed on April 21, 2007, was considered by *Neil J. Walker,* J., and a motion for reconsideration, filed on November 16, 2007, was heard by him.

*Jennifer H. O'Brien* for the defendant.

*Susanne Bines,* Assistant District Attorney, for the Commonwealth.

Meade, J. The defendant appeals from the denial of her motion for a new trial, which she employed in an attempt to withdraw her guilty plea to a charge of assault and battery. The motion judge, who was also the plea judge, denied the motion and a motion to reconsider after a hearing. Because the record fails to provide a basis for concluding that the defendant's guilty plea was intelligent, we reverse the denial of the motion for new trial.

o

1. *Procedural history.* In 2006, the defendant was charged by complaint in the Lowell Division of the District Court Department with assault and battery in violation of G. L. c. 265, § 13A(*a*). On March 14, 2007, she pleaded guilty to the complaint and was sentenced to serve two and one-half years in the house of correction, suspended for two years with the conditions that she abide by orders or instructions of the probation department, counselors and doctors, enter an inpatient program if recommended, take her prescribed medication, and not further abuse the victim. The judge scheduled the case for review in ninety days.

On March 15, 2007, the defendant was notified that she was in violation of her probation due to her failure to take her medication, and for refusing to comply with a mental health case worker's recommendations. On April 6, 2007, new counsel was appointed, and probable cause was found that the defendant was in violation of her probation. On April 18, 2007, after a final surrender hearing, the defendant was found in violation of her probation. The judge reimposed the defendant's probation with conditions similar to the original ones.

On April 21, 2007, the defendant filed a motion for new trial to withdraw her guilty plea. On May 30, 2007, the motion was denied without a hearing by the judge who had accepted the plea. On November 16, 2007, the defendant filed a motion for reconsideration. On January 23, 2008, a hearing was held before the same judge, who denied the motion. Timely notices of appeal were filed from both the denial of the motion for new trial and from the denial of reconsideration.[1]

2. *The plea hearing.* At the commencement of the plea hearing, defense counsel informed the judge that the defendant had not yet decided whether to plead guilty because she was concerned about returning to the Massachusetts Correctional Institution, Framingham (MCI Framingham), where she had spent the

---

[1]The motion for reconsideration was filed more than thirty days after the denial of the motion for new trial, which makes it untimely, and thus it was properly denied. See *Commonwealth* v. *Montanez,* 410 Mass. 290, 294 & n.4 (1991). Because the appeal from the denial of the motion for new trial is properly before us, the untimely motion to reconsider does not affect the result we reach.

prior week. Referring to treatment records,[2] the judge stated that his intended purpose was to get the defendant "back on her feet," which he stated would require her to take her medication and cooperate with treatment providers. By pleading guilty, the judge assured the defendant that she would not be incarcerated if she abided by the recommendations of her mental health counselors and the probation department. He also clarified that she would return to MCI Framingham if she failed to cooperate and did not make "a sincere effort to straighten [herself] out." Becoming upset, the defendant again told the judge of her concern about returning to jail because MCI Framingham did not have the medication that had been prescribed for her, and that she had been unmedicated for a week. The judge told her that those were issues that could be remedied, but that it depended on the defendant and how she wanted to proceed.

Following this discussion, the defendant decided to plead guilty because she had "been punished enough." The judge clarified that the defendant was not "being punished," and that she should not conclude as much. He then remarked, "What everybody's trying to do is get through to you, and it's not that easy in dealing with the problems that you have." The judge clarified again that as long as she cooperated, she would not return to jail.

Addressing the charges,[3] the judge began as follows: "I have the assault and battery case. I have discussed this case on a number of occasions. I have reviewed the facts. I have reviewed the reports. I am satisfied that there's a factual basis for the complaint." Through a series of questions, the judge ascertained that the defendant was pleading guilty because she wanted to, she had not been coerced, and that she was admitting her guilt "freely, willingly and voluntarily." He also provided a proper "immigration warning" under G. L. c. 278, § 29D. He then asked whether she had any questions. The defendant's only question related to her inability to pay any court costs, which

_____

[2]Subsequent to a suicide attempt, the defendant was committed to Tewksbury State Hospital for a thirty-day evaluation pursuant to G. L. c. 123, § 35. The hospital's diagnosis of the defendant was "in some ways positive."

[3]At the request of defense counsel, the judge dismissed a second complaint which charged the defendant with the violation of an abuse prevention order. See G. L. c. 209A, § 7.

the judge did not assess. The judge accepted the guilty plea and explained her sentence. The defendant stated her concern about the length of her probation, but the judge assured her that if she "resolved [her] problems" and got "back on her feet," he would be happy to terminate her probation early.

3. *Discussion.* "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States* v. *Broce,* 488 U.S. 563, 569 (1989). Given the solemnity of the event and its consequences, a variety of procedural protections govern the guilty plea process.[4] However, at bottom, two constitutional requirements are necessary to assure that a counseled plea is valid: the defendant's choice must be voluntary and intelligent.[5] See *Tollett* v. *Henderson,* 411 U.S. 258, 267 (1972); *Bousley* v. *United States,* 523 U.S. 614, 618 (1998). A motion to withdraw a guilty plea "is addressed to the sound discretion of the judge, and the judge's disposition of the motion will not be reversed for abuse of discretion unless it is manifestly unjust, or unless the plea colloquy was infected with prejudicial constitutional error." *Commonwealth* v. *Correa,* 43 Mass. App. Ct. 714, 716 (1997) (citations omitted).

a. *Voluntariness.* "A plea is voluntary if entered without coercion, duress, or improper inducements." *Commonwealth* v. *Berrios,* 447 Mass. 701, 708 (2006), cert. denied, 127 S. Ct. 2103 (2007). See *Commonwealth* v. *Duest,* 30 Mass. App. Ct. 623, 631 (1991); Smith, Criminal Practice and Procedure § 23.52 (3d ed. 2007). Also, a judge cannot accept a guilty plea from a defendant who lacks the capacity to make such a tender. *Commonwealth* v. *Estrada,* 69 Mass. App. Ct. 514, 517 (2007). That is, as with competency to stand trial, the judge must determine "whether [the defendant] has sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding — and whether [s]he has a rational as well as factual understanding of the proceedings against [her]." *Commonwealth*

---

[4]Given the result we reach, we need not address the defendant's separate arguments based on Mass.R.Crim.P. 12(c), as amended, 399 Mass. 1215 (1987).

[5]On occasion, "knowing" is improperly added to this dichotomy. See *Commonwealth* v. *Hiskin,* 68 Mass. App. Ct. 633, 637 n.5 (2007) (for guilty plea purposes, "knowing" is synonymous with the "intelligent" requirement).

v. *Russin*, 420 Mass. 309, 317 (1995), quoting from *Dusky* v. *United States*, 362 U.S. 402, 402 (1960).

The record of the plea hearing reflects the defendant's ability to consult with her attorney and her understanding of the proceedings. The motion judge was aware that the defendant had mental health issues, and noted that a diagnostic report from Tewksbury State Hospital was "in some ways positive," but the root of the defendant's problems lay in her lack of cooperation with her care providers. The hearing began with the defendant's voicing of her concerns about further punishment, the costs of her medications, the designated time when she must take her medication, and the unavailability of her medication at MCI Framingham, and her preference in probation programs. After weighing the alternatives, the defendant decided to plead guilty. The judge further ascertained that no one was forcing the defendant to plead guilty, and that she was doing so "freely, willingly and voluntarily."

In support of her motion for new trial, the defendant submitted an affidavit in which she stated that she pleaded guilty against her counsel's advice, and that she was not properly exercising her judgment in her then unmedicated state. However, at no time during the hearing did counsel state any concern about the defendant's mental state or her ability to communicate. If counsel actually had this concern at the time of the hearing, she had "an obligation to alert the judge to any impediments to the defendant's ability to enter an admission or plea intelligently and voluntarily." *Commonwealth* v. *Estrada, supra.*

The judge was also not required to credit the defendant's affidavit in which she claimed that her unmedicated state left her without proper judgment. At the hearing, the defendant had no difficulty responding to the judge's questions, engaging in a discussion relative to the parameters of her sentence, and she successfully avoided the imposition of costs. See *Commonwealth* v. *Hiskin*, 68 Mass. App. Ct. 633, 638-639 (2007). Indeed, at the hearing on the defendant's motion to reconsider the denial of her motion for new trial, the judge recalled that the defendant acted rationally and appropriately throughout the plea colloquy. See *Commonwealth* v. *Robbins*, 431 Mass. 442, 445 (2000). The defendant's claim that she was incompetent as a result of

her unmedicated state is not supported by the record any more than the fact of mental illness itself necessitates a finding of incompetence.[6] See *Commonwealth* v. *Goodreau*, 442 Mass. 341, 351 (2004). The judge's determination that the defendant's guilty plea was voluntary was neither an abuse of discretion nor an error of law.

b. *Intelligence.* The intelligence of the defendant's plea, however, stands on a different footing. The basic permissible record indicators of an intelligent admission of guilt are (1) an explanation by the judge of the elements of the crime; (2) a representation that counsel has explained to the defendant the elements she admits by her plea; or (3) the defendant's admission to facts that constitute the unexplained elements. *Commonwealth* v. *Sherman*, 451 Mass. 332, 335 (2008). See *Henderson* v. *Morgan*, 426 U.S. 637, 646 (1976); Smith, Criminal Practice and Procedure § 23.65. A defendant must also understand the constitutional rights she would have enjoyed at trial that she is forgoing by pleading guilty, i.e., the right to a jury trial, the right to confront her accusers, and the privilege against incriminating herself. *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969). See *Commonwealth* v. *Hiskin, supra* at 638. Finally, to be intelligent a defendant's plea must be made with a "sufficient awareness of the relevant circumstances and likely consequences." *Brady* v. *United States*, 397 U.S. 742, 748 (1970).

Here, the judge was apparently familiar with the facts and circumstances underlying the complaint that charged the defendant with assault and battery. However, he did not probe the defendant's understanding of the elements of the crime with any of the accepted procedures. It is not enough that the judge himself is familiar with the factual basis for the defendant's plea, because his understanding of the elements does not inform the intelligence of the defendant's choice. We appreciate that these events transpired in a busy District Court where the judge was laudably attempting to shepherd the obviously troubled defendant through the criminal justice system in an attempt to provide her

[6]In light of the contemporaneous record, and the judge's findings at the hearing, we are also not persuaded by the defendant's argument that her behavior subsequent to the plea hearing, that resulted in a probation violation, illustrates that the plea was not voluntary.

with help for mental health issues. However, in the process, he short-circuited the necessary record-based procedures which enable an appellate court to determine that a guilty plea was properly made and accepted.[7]

The Commonwealth claims support in *Commonwealth* v. *Sherman*, 451 Mass. at 336-340, where the Supreme Judicial Court determined that the defendant's admission that he "forcibly raped" the victim, without a separate explanation of the elements of rape, was sufficiently intelligent. Specifically, the court concluded that the defendant had admitted "to an act whose widely known common meaning implies sexual intercourse." *Id.* at 337.[8] Following *Sherman*, the Commonwealth argues that like rape, the lay meaning of assault and battery encompasses the elements of the offense.

However, we are not writing on a blank slate, and the "common meaning" argument lacks force in these circumstances. In *Commonwealth* v. *Jones*, 60 Mass. App. Ct. 88, 92 (2003), we granted a new trial to a defendant who had pleaded guilty to assault and battery and another crime because his plea was not intelligent. Underlying the infirmity of the guilty plea was, as here, a truncated process in which the judge employed none of the three approved methods of establishing the defendant's understanding of the charges against him. *Id.* at 89. Also like this case, the Commonwealth claimed that the designation of the offense supplied all the elements of the crime. *Id.* at 91. However, we held that "assault and battery" is not so self-explanatory. That the phrase "assault and battery" resides in both common parlance and c. 265 of the General Laws "does not mean that the specific elements of the offense are readily apparent from the phrase itself." *Ibid.* Indeed, for example, it is difficult to categorize as self-explanatory that a battery involves a touching which occurs without a right or excuse to do so. See *Commonwealth* v. *Mitchell*, 67 Mass. App. Ct. 556, 564 (2006).

---

[7]The defendant also takes issue with the judge's failure to explain the intratrial rights she was waiving by pleading guilty. However, given the route we have chosen to resolve the case, we need not decide whether the defendant has established that this defect made a difference in her decision to plead guilty. See *Commonwealth* v. *Correa*, 43 Mass. App. Ct. at 718.

[8]In addition, the court noted that there was also "an admission to the charge's underlying facts that strongly indicate sexual or unnatural sexual intercourse." *Commonwealth* v. *Sherman, supra* at 337.

4. *Conclusion.* Although the record satisfies us that the defendant's plea was made voluntarily, it fails to establish that it was made intelligently. These constitutional mandates are unequivocally conjunctive, and the motion for new trial should have been granted.

> *Order denying motion for new trial to withdraw guilty plea reversed.*