NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1133

COMMONWEALTH

vs.

ANTHONY M. LEO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2007, the defendant, Anthony M. Leo, pleaded guilty to four counts of aggravated rape (G. L. c. 265, § 22 [a]); one count of breaking and entering in the daytime with the intent to commit a felony and with the resulting infliction of fear upon a lawful occupant (G. L. c. 266, § 17); two counts of larceny from a building (G. L. c. 266, § 20); and one count of breaking and entering in the daytime with the intent to commit a felony (G. L. c. 266, § 18).  Between 2016 and 2022, the defendant filed three motions for a new trial all of which were denied. His appeals of those orders have been consolidated in this court.  On appeal, the defendant argues, inter alia, that his guilty pleas were not made knowingly and voluntarily, his plea

counsel provided ineffective assistance of counsel, and he did not receive a speedy trial.  In addition, the defendant argues the second motion judge[1] erred in concluding that the defendant's claims in his second motion for a new trial were waived by virtue of his guilty plea.  We affirm.

Discussion.  "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b)."  Commonwealth v. Resende, 475 Mass. 1, 12 (2016).  "[A] judge should only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth."  Commonwealth v. DeMarco, 387 Mass. 481, 486 (1982).  "Like all such motions, it is addressed to the sound discretion of the trial judge . . . [and] will not be reversed unless it is shown to be an abuse of discretion that produces a manifestly unjust result."  Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997).

1.  Guilty plea.  The defendant first argues that his guilty pleas were not knowing and voluntary and that he was not competent to enter the pleas.  Specifically, he argues that he

---

[1] The second motion judge heard both the defendant's second motion for a new trial and third motion for a new trial, which he treated as a motion for reconsideration of his denial of the defendant's second motion for a new trial.

2

was coerced into pleading guilty because he was threatened and treated abusively by correctional staff during his pretrial incarceration.

In determining that the defendant pleaded guilty knowingly and voluntarily, the first motion judge did not credit the defendant's claims regarding his treatment by correctional staff.[2]  The judge found that the defendant had been inconsistent with setting forth the specific details of the threats and found that the defendant's failure to inform his plea counsel or plea judge of the alleged threats was inconsistent with the defendant's demonstrated knowledge of the law and judicial processes.  Instead, the judge found that the defendant's guilty pleas resulted from "hearing the victim's testimony," the defendant's belief that "the jury had already made up their minds about his guilt," "the very substantial evidence against him," and the defendant's desire to not hear the testimony of his cousin, the victim's husband.  Because the motion judge was in the best position to evaluate the defendant's credibility, and his findings and conclusions are well supported by the record, we discern no abuse of discretion here.  See

---

[2] During the evidentiary hearings, which took place over eight separate dates, the defendant, his trial counsel, two psychologists, and a forensic psychiatrist testified.

Commonwealth v. Perkins, 450 Mass. 834, 854 (2008) ("we must defer to [the motion judge's] assessment of witness credibility" [citation omitted]).[3]

Similarly, the judge also acted within his discretion in concluding the defendant was competent when he pled guilty. The Commonwealth's expert testified that the defendant "did not suffer from a condition that affected his decision-making related abilities on the morning of [the plea]"; the motion judge credited this testimony.[4] The defendant's trial counsel testified that the defendant fully participated in trial strategy, and none of the defendant's eight prior attorneys raised his competence as an issue. The motion judge also found that the trial judge conducted a "thorough and complete colloquy" before determining that the defendant was competent to

---

[3] Because we agree with the first motion judge's determination that the defendant's guilty plea was made knowingly and voluntarily, and that defendant's plea counsel provided effective representation, see infra, the first motion judge did not err in determining that by pleading guilty, the defendant waived his claim that his right to a speedy trial was violated. See Commonwealth v. Fanelli, 412 Mass. 497, 500 (1992) ("A defendant's guilty plea, made knowingly, voluntarily and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings prior to the entry of the guilty plea").

[4] The expert, Dr. Fabian M. Saleh, observed the defendant for approximately eight and one-half hours over three sessions in April of 2017 and reviewed sixty-one legal and mental health documents concerning the defendant.

4

enter a guilty plea. See Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 638-639 (2007) ("To assess the intelligence and voluntariness of a defendant's plea, we necessarily rely on the defendant's sworn responses to the judge's informed questions made in the solemnity of a formal plea proceeding"). During the colloquy, the defendant testified that he understood what he was being accused of, admitted he was guilty of the allegations, and demonstrated an awareness of the charges against him and the potential maximum penalty for those charges. Thus, the record demonstrates that the defendant "[had] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him" (citation omitted). Commonwealth v. Goodreau, 442 Mass. 341, 350 (2004).

2. Ineffective assistance of counsel. The defendant next argues that his plea counsel was ineffective, claiming that he was unable to meaningfully participate in trial preparation with her and that her trial strategy was deficient.

To prevail on his claim of ineffective assistance of counsel, the defendant must show the following: (1) that counsel's conduct fell "measurably below that which might be expected from an ordinary fallible lawyer," and (2) that this conduct "likely deprived the defendant of an otherwise

5

available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The first motion judge determined that the defendant had adequate access to counsel leading up to trial, that his plea counsel was not ineffective in failing to request a competency hearing before his guilty plea, and that plea counsel's failure to object to repeated continuances that occurred prior to trial did not amount to deficient representation. We discern no abuse of discretion.

First, as the motion judge noted, the defendant was prevented from meeting with his plea counsel on Friday, March 9, 2007, and Saturday, March 10, 2007, prior to the start of his trial on Monday, March 12, 2007. However, the defendant was able to meet with his counsel twice on Sunday, March 11, and the plea judge granted the defendant additional time to confer with his counsel on the morning of Monday, March 12, prior to jury empanelment. Thus, it was within the motion judge's discretion to conclude the defendant was not denied access to counsel because the defendant was provided "a reasonable opportunity to seek and receive the assistance of [his attorney]." Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-414 (1989).

Second, as noted above, the defendant's competence to change his pleas was well supported by testimony from the

6

Commonwealth's expert and the defendant's plea counsel, and from the defendant's answers to an extensive colloquy conducted by the plea judge. Because there was no evidence indicating that the defendant was incompetent prior to changing his plea, the defendant's plea counsel was not ineffective for failing to advocate for a competency hearing. See Commonwealth v. Robbins, 431 Mass. 442, 448-449 (2000) (no competency hearing required where no "substantial question of possible doubt" as to defendant's competence [citation omitted]). See also Commonwealth v. Carroll, 439 Mass. 547, 557 (2003) (failure to pursue futile tactic is not ineffective assistance of counsel).

Third, we agree with the motion judge that the delays leading up to the defendant's trial appear to have been caused by the defendant's numerous changes of counsel, some of which were at his request, and therefore defendant's plea counsel was not ineffective for failing to object to continuances that were granted prior to the start of her representation.

3. Waived claims. The defendant argues that the second motion judge erred in concluding that a number of his arguments, made for the first time in his second motion for a new trial, were waived because the defendant the defendant failed to raise them in his first motion for a new trial.

"Any grounds for relief not raised by the defendant in his original or amended motion for a new trial are 'waived unless the judge in the exercise of discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion.'" Commonwealth v. Roberts, 472 Mass. 355, 359 (2015), quoting Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001). "The waiver rule applies equally to constitutional claims that could have been, but were not raised." Commonwealth v. Balliro, 437 Mass. 163, 166 (2002). We only review such claims in "extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might otherwise result" (citations omitted). Commonwealth v. Watson, 409 Mass. 110, 112 (1991).

The defendant presented several claims in his second motion for a new trial that could have been raised in his first motion for a new trial, but because they were not, these claims are waived.[5] See Roberts, 472 Mass. at 359. In reviewing the second motion judge's comprehensive and thoughtful decision, we

_____

[5] The waived claims include the defendant's objections to the appointment of his plea counsel, his plea counsel's alleged conflict of interest and ineffective trial strategy, the effect of plea counsel's purchase of sneakers for the defendant, the defendant's decision to plead guilty, and the ineffectiveness of defendant's postconviction counsel.

8

conclude he did not abuse his discretion in concluding that either the defendant's claims were waived or, assuming for the sake of argument they were preserved, the claims did not find support in the record.  Therefore, there was no substantial risk of a miscarriage of justice.  See Commonwealth v. Grace, 397 Mass. 303, 307 (1986).[6]

Judgments affirmed.

By the Court (Henry, Smyth & Toone, JJ.[7]),

Clerk

Entered:  September 5, 2025.

---

[6] The second motion judge denied the defendant's third motion for a new trial after concluding it was effectively a motion to reconsider that failed to present new evidence or raise new issues.  Because the third motion for a new trial was filed more than eight months after the denial of the defendant's second motion, it was untimely, and denial of the motion was proper.  See Commonwealth v. Hunt, 73 Mass. App. Ct. 616, 617 n.1 (2009) ("The motion for reconsideration was filed more than thirty days after the denial of the motion for new trial, which makes it untimely, and thus it was properly denied").  See also Commonwealth v. Gonsalves, 437 Mass. 1022, 1022 (2002) (judge may consider untimely motion for reconsideration only if request made "within a reasonable time").

[7] The panelists are listed in order of seniority.